## W. D. JENNERSON v. JAMES GARVIN.

ADJOURNMENTS—*Practice—Justice's Act—Jurisdiction.* A party at whose
instance and by whose agreement a cause in a Justice's Court, is con-
tinued more than ninety days from the return day, cannot claim a dis-
missal by reason of the delay; and a dismissal on his motion is error.

*Error from Saline District Court.*

GARVIN brought suit before a justice of the peace to
recover for the use and occupation of a dwelling-house.
Defendant, *Jennerson*, answered, making a general denial,
and procured several continuances, covering in the aggre-
gate some seventy-nine days from the return of the sum-
mons.    He then consented to a further continuance for
twenty-seven days, at which time he procured the action
to be dismissed for want of jurisdiction.   On error to the
district court the judgment of the justice was reversed,
and the cause held for trial as upon appeal.    Defendant
*Jennerson* now brings the case here on error.

*J. G. Mohler*, for plaintiff in error:

1.  The adjournment of the cause by the justice of the
peace on the 12th of November to the 9th of December,
27 days, and making with previous adjournments more
than 90 days, divested him of jurisdiction in the case.

The justice's act provides for an adjournment at the
return-day, or any subsequent time to which the cause
may stand adjourned, on the application of either party
for a period *not to exceed ninety days* from the time of the
return of the summons.    § 82, ch. 81, Gen. Stat., 794.

Any adjournment to a time beyond the period of
" ninety days from the time of the return of the sum-
mons " ousted the justice of his jurisdiction, and was a

discontinuance of the action. "An irregular adjournment, or for longer than is authorized is cause for reversal of judgment." *Kimball v. Mack*, 10 Wend., 247; *Palmer v. Green*, 1 Johns. Cas., 101; *Colden v. Dopkin*, 3 Caines, 171; *Gamage v. Law*, 2 Johns., 192; *Payne v. Weeeler*, 15 Id., 492; *Redfield v. Florence*, 2 E. D. Smith, 339.

The rule that consent to an "irregular adjournment" is a waiver, and the party asking for or consenting thereto cannot take advantage of the error, has application only to adjournments made for want of proper showing, and not to adjournment *beyond the day limited by the statute*. The object of the statute is to prevent delays, and parties must take notice of its provisions at their peril. The discretion of the justice is limited to the periods within which power to direct them is given by law; and an unauthorized adjournment amounts to a discontinuance. *Proudfit v. Henman*, 8 Johns., 391; *Hogan v. Baker*, 2 E. D. Smith, 22.

Where a justice of the peace adjourned a suit pending before him for more than ninety days, it operated as a discontinuance. *Mahr v. Young*, 13 Wis., 634.

*Martin, Burns & Case*, for defendant in error:

1. The adjournment from Aug. 23d to Nov. 10th, were made on *application* of plaintiff in error; and those from Nov. 10th to Dec. 9th were made by agreement or *consent* of both parties. These facts estop the plaintiff in error from alleging error in the adjournments. 3 Caines, 166; 1 Hilton, 291; 2 E. D. Smith, 339. Consent operates as a waiver of all irregularities or errors.

2. The justice erred in rendering judgment against defendant in error, after dismissing the action for want

of jurisdiction.   If he had no jurisdiction he could render no judgment.   *Elderkin v. Spurbeck*, 1 Chand., 69; *Mitchell v. Kennedy*, 1 Wis., 511.

The opinion of the court was delivered by

KINGMAN, C. J. : This action was commenced before a justice of the peace on the 18th day of August, 1869, and was set for trial on the 23d of that month.   On this last day the defendant (plaintiff in error,) applied for a continuance, which was granted, and the cause continued to the 22d of September.   On that day he applied for and obtained a change of venue, and when the case was called for hearing on the 24th of September, by the justice to whom the cause had been transferred by the change of venue, the defendant again moved for a further continuance which was granted, and the trial postponed to the 10th of November.   On this day defendant moved to dismiss for want of jurisdiction, which was denied, and the case laid over to the 12th of November, when it was continued by agreement to the 9th day of December.   On this day, the defendant appearing for the purpose of that motion only moved the justice to dismiss the cause for want of jurisdiction, which motion was granted, and judgment was given against the plaintiff for costs, amounting to $72.55.   From this decision of the justice the cause was taken on error to the district court, and there *reversed ;* and this judgment of the district court is now brought to this court for review.

The plaintiff in error claims that § 82 of the justices' act, Gen. Stat., 794, compels the discontinuance of a cause which by successive adjournments has been postponed more than ninety days from the return-day.   This is probably not the true construction of the section ; but

however that may be, the party at whose instance and by whose agreement the delay has been had, is in no position to make such a motion. He could not induce the court to adjourn itself out of jurisdiction, and then make of that fact a defense. If the justice had no jurisdiction by what right did he render judgment for $72.55 costs against the plaintiff?

The judgment of the district court is affirmed.

All the Justices concurring.