B. F. DEVINNEY v. B. B. MANN, *et al.*

JUSTICE'S COURT; *Continuance; Notice.* The record of a case in a justice's court showed service, appearance, and a continuance by consent until the defendant should return from certain business, and that then the case should be called at once. It further showed a trial, and judgment against defendant, at a day appointed by the justice, but it failed to show that defendant had returned, that he had notice of the day appointed for the trial, or that he was present at that time. An action was brought to restrain the collection of that judgment. On the trial, in addition to the record as above stated, it was shown that defendant had been back several times between the day of adjournment and the day of trial; that his attorney was orally notified by the justice of the time fixed for the trial, and that he told the justice that his client had no defense, and to go ahead and render judgment; and also that in truth there was no defense; and that the debt was a just one, and ought to be paid. *Held,* That whether inquiry is limited to the record of the justice, or extended to the extrinsic facts, the injunction was properly refused.

*Error from Brown District Court.*

ACTION brought by *Devinney* against *Mann* and another, to restrain the collection of a certain judgment. At the May Term, 1880, the district court dissolved a temporary injunction theretofore granted herein, and gave judgment against the plaintiff, who brings the case here. The opinion states the facts.

*James Falloon,* and *Webb & Martin,* for plaintiff in error.

*C. W. Johnson,* for defendants in error.

The opinion of the court was delivered by

BREWER, J. : July 8th, 1878, defendant in error commenced an action before L. S. Herbert, justice of the peace, Hiawatha township, Brown county, against plaintiff in error, on two certain promissory notes. Personal service was duly had. After a judgment by default had been entered, defendant appeared, and upon his motion the judgment was set aside and the cause continued until August 19, 1878, at which time the record recites the appearance of the parties, the filing of defense, and the cause continued by agreement until the return of defendant (plaintiff in error) from his nursery business, when it is to be called at once. November 7, 1878, without any appearance of plaintiff in error, at the request of defendant in error Mann, the justice rendered judgment. A transcript of this judgment was filed in the district clerk's office, Brown county, and an execution therefrom was placed in the hands of Stephen Hunter, defendant in error, as sheriff of said county, who was about to levy on and sell lot 107, Delaware street, Hiawatha, Brown county, when this proceeding was brought to enjoin the sale. March 3, 1880, a temporary restraining order was granted by the probate judge, which, upon final hearing before the district court, was dissolved. In reference to the trial on November 7, the record of the justice simply shows: "And now this 7th day of November, the time fixed by the court at the request of the plaintiff, this cause came on for hearing, plaintiff appearing," etc. In addition, upon the trial in the district court the following facts were established: That the cause was continued by agreement on August 19, until the return of Devinney from his nursery business, when it was to be called at once, the understanding being that in no event should the continuance be for a longer period than ninety days; that Devinney did return and go away several times between August 19th and November 7th; that prior to November 7th, Mann demanded that the cause be set for trial, and the justice, in accordance therewith, set the

trial for November 7th, and orally notified the attorney of Devinney thereof; that on November 7th, the day of trial, the attorney notified the justice that he had no defense, and that he might as well go on and render judgment, and that he would no longer have anything to do with the case. This conversation was not at the exact place of trial, but near by. In fact, the attorney did not appear at the trial, neither did Devinney; nor did the latter have personal knowledge that the trial was to be had upon that day. The debt sued on was a just one, and Mann was entitled to judgment therefor.

Did the district court err in dissolving the injunction? Clearly not. And this, whether we look at the record of the justice alone, or consider also the extrinsic facts. The judgment of the justice was not void. There was jurisdiction of the parties, and of the subject-matter. Not only had the defendant been served, but he had appeared. The continuance, being by agreement, did not oust the jurisdiction. It would not if it had been for over ninety days in express terms. (*Garvin v. Jennerson*, 7 Kas. 136.) Whatever irregularity there may be in the record in failing to show that Devinney had returned, or that he had received notice of the particular day set for the trial, and however sufficient this error might be held in proceedings in error, yet when attacked by injunction, and not by proceedings in error, the judgment cannot be considered void. It is a valid judgment, binding upon all parties until reversed.

And if we look beyond the record as above stated, and consider the other facts, it appears that Devinney had been back several times before this case was set for trial; that his attorney had notice of the day, and told the justice that his client had no defense, and to go ahead and enter judgment; and that in fact his client did have no defense; that the debt was a just one, and ought to be paid. Wherein here appears any ground for the interference of a court of equity, cannot be perceived.

The judgment will be affirmed.

HORTON, C. J., dissenting.

VALENTINE, J.: I hardly know how to decide this case. I know of no case like it, no precedent for it. It seems to me that proceedings, so irregular as the proceedings in this case before the justice of the peace were, can hardly be held in law to be valid. And yet I am not sure that they are utterly void. But Devinney himself is the principal cause of all this irregularity. It was really for his benefit that the irregular continuance was granted. And it was his failure (partially at least) to take any further notice of the case, that caused the irregular judgment to be rendered. When Devinney's counsel was notified that the day for the trial had been fixed, either Devinney himself, or his counsel for him, should have made an appearance before the justice, so as to cure the former irregular proceedings, and not to do so was hardly acting in good faith on the part of Devinney toward the plaintiff. Devinney now resorts to a court of equity for relief from the effect of this irregular judgment. Perhaps a court of equity might relieve him when he has done equity. Perhaps when he has paid the debt and the costs which necessarily accrued in the case, a court of equity would enjoin the further enforcement of the judgment. But so long as he desires to reap an unjust advantage from irregularities brought about, partially at least, by himself, a court of equity will not assist him. If he has any strictly legal remedy (as contradistinguished from an equitable remedy), let him resort to such legal remedy; for a court of equity will not assist him, so long at least as he himself does not do equity. Upon the whole case, I am inclined to think, though with some doubts, that the court below did not err in refusing to enjoin the enforcement of said judgment. It must be remembered that the judgment was rendered upon two promissory notes, against which there was no defense.