SIGMUND SIMON AND ISAAC MENDELSON v. ADOLPH SEMPLINER.

*Justice of the peace—Adjournment of cause.*

After a mutual agreement for the adjournment of a case in justice's court to a specified day and hour, the plaintiffs' attorney obtained the consent of the attorneys for defendant by telephone to the extension of the time of adjournment for one day, which fact plaintiffs' attorney communicated to the justice before the expiration of the hour allowed for the appearance of a defendant, and in the afternoon of the same day a clerk of the defendant's attorneys, who had appeared with the defendant when the agreement for the adjournment was first made, appeared before the justice, and stated that the case was adjourned to the latter date; whereupon the justice changed his minutes of the adjournment accordingly. The same clerk appeared before the justice on the day and hour to which the case was first agreed to be adjourned for the purpose of adjourning it as per the telephonic agreement, and was informed that such adjournment had been made. The plaintiffs appeared pursuant to said adjournment, and the defendant did not appear, and judgment was rendered in favor of the plaintiffs, which the circuit judge reversed on special appeal, which latter judgment is reversed, and a trial ordered upon the general appeal, the Court holding:

*a*—That the justice acted upon the consent of both parties in adjourning the case to the latter date, and would have been justified in so doing had the consent been in writing; citing *Parmalee v. Loomis*, 24 Mich. 242.

*b*—That consent given individually by the respective parties to the justice, and where there is no dispute as to the fact of consent, is as efficacious to waive irregularity as if it were in writing.

*c*—The defendant's attorneys are not in a situation to question the authority of their clerk to consent to the latter adjournment.

Error to Bay. (Cobb, J.) Submitted on briefs May 8, 1891. Decided May 15, 1891.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Lee E. Joslyn,* for appellants.

*Shepard & Lyon,* for defendant.

CHAMPLIN, C. J. There is but one question to be decided in this case, viz.: Did the justice of the peace, who rendered a judgment for plaintiffs, lose jurisdiction by not proceeding at the time to which the cause had been adjourned by mutual consent,—March 12, 1890?

The return day of the summons was March 6, 1890, at 9 o'clock A. M. The plaintiffs appeared by their attorney, who duly proved his authority. The defendant appeared in person and by Albert H. Briggs, clerk for Shepard & Lyon, who were the attorneys for the defendant. It was then mutually agreed that the cause should stand adjourned until the 12th day of March, 1890, at 1 o'clock P. M., and the parties dispersed. A short time afterwards, and before 10 o'clock, the plaintiffs' attorney found that he would be unable to attend on the 12th at 1 P. M., and by telephone obtained consent of defendant's attorneys to have the cause adjourned to the 13th, at 1 P. M., and so

informed the justice before 10 o'clock A. M. In the afternoon of March 6 the said Briggs appeared before the justice, and stated to him that said cause was adjourned to March 13, at 1 P. M.; and thereafter the justice changed his minutes of the adjournment from the 12th day of March, 1890, at 1 P. M., to the 13th day of March, 1890, at 1 P. M. On March 12, 1890, Briggs appeared before the justice at 1 P. M. for the purpose of adjourning the cause until 1 o'clock the next day, but the justice informed him that it had already been adjourned until that time. On March 13 at 1 P. M., the plaintiffs appeared, and the defendant did not, and, after holding court open one hour, and defendant not appearing, the trial proceeded *ex parte*, and resulted in the judgment appealed from by special appeal. The circuit judge held the judgment void, and reversed it.

There is no dispute about the facts. The justice acted upon the consent of both parties in adjourning the case to the 13th at 1 P. M. Had the consent been in writing, the justice would have been authorized to place the time of adjournment at the hour agreed upon. *Parmalee v. Loomis*, 24 Mich. 242. But consent given individually by the respective parties to the justice, and where there is no dispute as to the fact of consent, is as efficacious to waive irregularity as if it were in writing.

Some question is made by counsel for defendant as to the authority of Mr. Briggs to consent to the adjournment to the 13th; but we think the defendant's attorneys are not in a position to rely upon such objection. Mr. Briggs was a clerk in their office, and represented them without question at the time of the appearance and adjournment on the 6th. He also, as appears from his affidavit made upon the special appeal, appeared before the justice on the 12th for the purpose of adjourning the case to the 13th, as had been already arranged for; and

he says that on the 13th he went to the office of the justice, not intending to take any advantage of the irregularity in the adjournment, and arrived there a few moments late, and after judgment had been taken. There is nothing in the affidavit of defendant or of Briggs setting up any want of authority of Briggs to consent to the adjournment on the part of the defendant to March 13. This is a stronger case for plaintiff than the case of *Patterson v. McRea*, 29 Mich. 258. Under the facts of this case the defendant is not entitled to complain.

The judgment of the circuit court is reversed, and the cause upon the general appeal must proceed to trial under the rules and practice of the circuit court.

The other Justices concurred.