WILLIAM H. HOBBS AND H. J. HOBBS v. THE GERMAN-AMER-
ICAN DOCTORS, *a firm and copartnership composed of*
C. A. RUCKER, G. S. PETTIT, J. P. RAMSEY AND C. V.
LOEB.

(Filed September 1, 1904.)

1. JUSTICE OF THE PEACE—Jurisdiction, How Conferred. A jus-
tice of the peace in order to have authority to render a judgment,
must have jurisdiction of the subject-matter of the action, and
also of the persons of the defendants. Jurisdiction of the subject-
matter is conferred by law, and is sought for in the general pow-
ers of the court, unless specifically conferred. Jurisdiction of the
person is acquired by the service of summons or usual notice, or
by general appearance.

2. JURISDICTION, SUBJECT-MATTER. Jurisdiction of the sub-
ject-matter of an action cannot be conferred by consent of the
parties, nor can it be waived so as to authorize a valid judgment.

3. JURISDICTION OF PERSON—Conferred by Consent. The juris-
diction of the person of the defendant may be conferred by con-
sent, or the want of jurisdiction may be waived by a voluntary
appearance, or by agreement.

4. LOSS OF JURISDICTION OF PERSON—How Restored. Where
jurisdiction of the person is lost by defective proceedings or irreg-
ularities, the same may be restored by the appearance or waiver
of the defendants, or by failure to make timely objections.

5. TRIAL DAY—Absence of Justice—Stipulation of Parties to Con-
tinue to Subsequent Day—Jurisdiction of Defendants Not Lost.
Where a bill of particulars is filed with a justice of the peace, of
which he has jurisdiction of the subject-matter, and a summons is
issued and regularly served on the defendants, and they appear by
counsel on the trial day and stipulate with the plaintiff in writing
that the case shall be continued and tried on a subsequent day,
which day is fixed in the agreement, the justice does not lose ju-
risdiction to try said cause on the day fixed in the stipulation, al-
though he was absent on the day the stipulation was entered into.

6. CONTINUANCE—Party Agreeing to, Not Heard to Question It.
A party to an action before a justice of the peace who ap-
pears on the trial day, and in the absence of the justice,
stipulates for a continuance to a subsequent day, and agrees that
the case may be then tried, will not when the case is called at
such subsequent day, be heard to object on the ground that the
court lost jurisdiction of the defendants by his absence on the
first trial day.

(Syllabus by the Court.)

*Error from the Probate Court of Garfield County; before M. C. Garber, Trial Judge.*

*Anderson & Stratford* and *C. J. West,* for plaintiffs in error.

*E. L. Swigert* and *Cromwell & McKeever,* for defendants in error.

Opinion of the court by

.Burford, C. J.: This is an appeal from an order dismissing a cause for want of jurisdiction. The case was begun in the probate court of Garfield county by the plaintiffs in error, to recover damages in the sum of one hundred dollars from the defendants in error, for breach of contract. The cause was one within the jurisdiction of a justice of the peace, and the practice and procedure governing such courts controls the case. The plaintiffs filed their bill of particulars, and summons was issued and served, and the cause set for trial on August 4th, 1902. On that day both plaintiffs and defendants appeared, and the probate judge being absent, counsel stipulated for a continuance of the cause, and agreed in writing that the case should be tried on September 1, 1902, which* stipulation was filed with the probate judge. On September 1st, the parties again appeared, and the defendants entered what they designated a special appearance, and moved the court to dismiss the cause for want of jurisdiction, which motion the court sustained, dismissed the cause, discharged the sureties on the forthcoming bond which they had executed to secure the release of some attached property, and rendered judgment against the plaintiffs for costs.

The theory of the defendants and the ruling of the court supporting it, is that the absence of the probate judge on the day the cause was first set for trial worked a discontinuance of the cause, and that the court had no jurisdiction to take any subsequent action.

While it is true there are respectable authorities holding that the absence of the justice of the peace on the trial day will work a discontinuance, and cause him to lose jurisdiction, we do not think this case comes within such rule.

To give a court authority to render a judgment in this class of cases, it must have jurisdiction over the subject-matter of the action, and over the persons of the defendants. Jurisdiction of the subject-matter is the power to deal with the general subject involved in the action, and is conferred by the law, and must be sought for in the general nature of its powers, or the general laws defining its jurisdiction. This power cannot be conferred by agreement, nor can the want or lack of jurisdiction over the subject-matter be waived either by acquiescence, consent or express agreement.

Jurisdiction of the person is the power to deal with the person of the defendant, and to render a personal judgment against him, and is acquired by the service of a summons or other proper notice, or it may be by voluntary appearance in person or by counsel.

Jurisdiction of the person may be conferred, or, if lost, restored by consent, and defects arising from irregularities in the commencement of an action, or subsequent proceedings may be waived by appearance, or even by failure to make seasonable objections. The law provides the manner

by which the plaintiff may have the defendant brought into court, and, without his consent, subjected to the jurisdiction and power of the court to bind him by its orders and judgments.    But these provisions are for the benefit of the defendant, and he may waive them or insist on them as suits his convenience.    If he makes a general appearance to an action in which the court has jurisdiction of the subject-matter, the law does not regard the manner in which he got into court, and if a defendant by his own acts causes or procures any proceedings to be had in a pending cause, he will not be heard to object to its regularity to the detriment of the adverse party.

We know as a matter of law that the probate judge of Garfield county, sitting as a justice of the peace, had jurisdiction of the subject-matter of this action; the defendants were regularly summoned and appeared; the plaintiffs procured a writ of attachment to issue, and to be levied upon certain chattels claimed by the defendants; they appeared and executed a bond and procured the property to be released from the attachment.    On the day of trial, all parties appeared at the office of the probate judge and found him absent.    If the defendants had taken no further action until the probate judge attempted at some subsequent date to take further steps in the case, they would then have been in a position to invoke the rule which they secured the benefit of in the trial court.    But they failed to follow this course, and entered into a written stipulation with the plaintiffs, continuing the case and consenting that it might be tried on the first of September, 1902.    This constituted a waiver of any irregularities occasioned by the absence of the justice

of the peace, and restored the jurisdiction over the persons of the defendants, if it ever was lost. It was a general appearance for the purposes of the case at the date agreed upon, and the law will not permit them to object to the continuance.

The effect of the absence of the probate judge from his office, or from his county, on the day the case was first set for trial, was not to defeat his jurisdiction of the subject-matter, but only to cause him to lose jurisdiction of the persons of the defendants, and take away his power to render any judgment against them. The result would have been to require him to issue an *alias* summons, fix another trial day, and proceed as if no previous summons had ever issued. These steps were obviated and rendered unnecessary by the voluntary agreement and waiver of the defendants, as expressed in their stipulation setting the case for a subsequent date.

The rules here enunciated are not new. They are general principles, subject to a few well defined exceptions. Am. & Eng. Enc. of Law, Vol. 17, pp. 1059 to 1065; *Fischer v. Cooley,* 36 Neb. 625, 54 N. W. 960; *Simon v. Sempliner,* 86 Mich. 136, 48 N. W. 700; *Patterson v. McRea,* 29 Mich. 258; *Devinney v. Mann,* 24 Kan. 683; *Jennerson v. Garvin,* 7 Kan. 136; *Sagendorph v. Schult,* 41 Barb. [N. Y.] 102.

It follows that the probate judge, sitting as a justice of the peace, had jurisdiction to try and determine the case on the second day of September, the date on which he entered the order of dismissal, and that his action in dismissing the case, discharging the bond, and in entering judgment against the plaintiffs for costs, was erroneous.

The orders and judgment of the probate judge of Garfield county, made on the 2nd day of September, 1902, are reversed, vacated and set aside, and the cause is remanded, with directions to the probate judge to fix a new day for trial, notify both the plaintiff and defendants or their counsel of such date, and proceed to hear and determine said cause on the merits.

The costs of this appeal are taxed to the defendants in error.

All the Justices concurring.