OSCN Found Document:GUFFEY v. OSTONAKULOV

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 GUFFEY v. OSTONAKULOV
2014 OK 6
Case Number: 112270
Decided: 02/11/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 6, __ P.3d __

SAMANTHA GUFFEY, individually, Plaintiff/Appellant,
v.
ODIL OSTONAKULOV, individually and MOTORCARS OF NASHVILLE INC. a Tennessee corporation, Defendants/Appellees.



ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY
HONORABLE BRYAN C. DIXON
DISTRICT JUDGE



¶0 Plaintiff/Appellant Samantha Guffey (Guffey), an Oklahoma resident, filed a lawsuit against Defendants Odil Ostonakulov (Ostonakulov) and Motorcars of Nashville, Inc. (MNI), a resident of Tennessee and a Tennessee corporation, respectively, in the District Court of Oklahoma County. Guffey alleged fraud and violations of the Oklahoma Consumer Protection Act, 15 O.S. §751 et seq.in connection with her purchase of a vehicle from Defendants using the auction site eBay. On September 20, 2013, the trial court dismissed the action because it determined Oklahoma lacked jurisdiction over Defendants. Guffey appealed. We hold that because Defendants possessed sufficient minimum contacts with the State of Oklahoma, the district court possessed in personam jurisdiction over Defendants.



JUDGMENT OF THE TRIAL COURT IS REVERSED; CAUSE REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION



Paul E. Quigley, Quigley, Henry & Hill, Oklahoma City, Oklahoma, for Plaintiff/Appellant.
Craig Edward Brown and Evan A. McCormick, Wheeler, Wheeler, Morgan, Faulkner and Brown, Oklahoma City, Oklahoma, for Defendants/Appellees.




COMBS, J.: 


¶1 The only question presented on appeal is whether the district court possesses in personam jurisdiction over a Tennessee individual and corporation, who sold a motor vehicle to an Oklahoma resident. We hold that the district court possesses jurisdiction. The totality of contacts in this cause indicates that the exercise of in personam jurisdiction is proper and does not violate the due process rights of Defendants/Appellees.

Alleged Facts and Procedural History 

¶2 Guffey is a resident of Oklahoma County, Oklahoma. Ostonakulov is a resident of the State of Tennessee and MNI is a Tennessee corporation with its principle place of business in Nashville, Tennessee. MNI operates a used car lot in Nashville, Tennessee. On or about June 11, 2012, Guffey was the winning bidder on a used 2009 Volvo XC 90 listed for auction on eBay, Inc. by MNI. Guffey, after receiving the vehicle, determined that the vehicle was not in the condition advertised, and filed a Petition in the District Court of Oklahoma County on December 19, 2012. In her petition, Guffey alleged Defendants engaged in fraud as well as violations of the Oklahoma Consumer Protection Act, 15 O.S. §751 et seq.

¶3 On May 10, 2013, Defendants moved to dismiss for lack of personal jurisdiction pursuant to 12 O.S. 2011 §2012(B)(2), on the grounds that they did not possess minimum contacts with Oklahoma sufficient for the state to exercise in personam jurisdiction without implicating due process concerns.[1] Guffey filed a Response to Defendants' Motion to Dismiss and Motion to Allow Amended Petition on June 24, 2013, arguing that in personam jurisdiction was proper because the minimum contacts requirement has been satisfied. Guffey's Response also included an affidavit by her attesting to the facts she alleges are sufficient to provide for in personam jurisdiction.

¶4 Guffey's affidavit provides that she bid on the Volvo that is the subject of the underlying dispute on eBay in part based on a thirty-day limited warranty after the purchase, included in the record. Guffey's affidavit indicates that after she bid, but several days before the closing date of the auction, she received an email solicitation from Ostonakulov suggesting she contact him by phone and negotiate a buy it now price for the vehicle. She chose not to do so, but only after calling and speaking with him personally about the matter. After she discovered that she won the auction with the highest bid, she asserts she had her father call and speak to Ostonakulov about the final details of the matter and payment instructions. She then signed a purchase agreement that was mailed to her father's offices in Oklahoma City by Ostonakulov, and returned it to Tennessee. Ostonakulov also helped to arrange shipping of the vehicle to Oklahoma, where Guffey took delivery.

¶5 Guffey further asserts that this eBay sale is not an isolated transaction for Defendants, and that they are an active "power seller" on eBay, averaging 12-35 cars for sale every day, and advertising 942 cars on the site. Guffey also asserts that she knows of at least three cars sold by Defendants in the state of Oklahoma, and believes they have sold more than thirty cars to residents of the state.

¶6 With leave of the trial court, Guffey filed an Amended Petition on July 28, 2013, containing many of the facts she first provided in her affidavit, alleging an exercise of in personam jurisdiction over the Defendants by the trial court was proper. Defendants again moved to dismiss on July 17, 2013, asserting that because Guffey's Amended Petition contained no affidavit or other written materials, to support its stated facts, that would support its jurisdictional allegations, it was facially deficient and did not comport with a prima facie showing of personal jurisdiction over Defendants.

¶7 Guffey filed a response to the Defendants' second motion to dismiss on August 2, 2013, asserting that her Amended Petition and the affidavit accompanying her Response to Defendants' first motion to dismiss were sufficient to illustrate the existence of minimum contacts so as to justify the trial court's exercise of in personam jurisdiction, and requesting time from the trial court to conduct discovery with regard to Ostonakulov's contacts with the State of Oklahoma.

¶8 The trial court held a hearing on Defendants' second Motion to Dismiss on November 6, 2013, where the parties argued the issue of in personam jurisdiction. In an order dated September 20, 2013, the trial court sustained Defendants' Motion to Dismiss and dismissed the action for lack of in personam jurisdiction over Defendants.[2] Guffey appealed, and this cause was retained on the Court's own motion and assigned to this office on November 20, 2013.

Standard of Review 

¶9 In Oklahoma, a special appearance with a motion to dismiss is the proper method for challenging in personam jurisdiction. Powers v. District Court of Tulsa County, 2009 OK 91, ¶7, 227 P.3d 1060; In re Turkey Creek Conservancy District, 2008 OK 8, n. 4, 177 P.3d 558; Southard v. Oil Equipment Corp., 1956 OK 74, 296 P.2d 780. In Powers, this Court explained that a defendant challenging in personam jurisdiction has an initial procedural burden to raise the facts challenging in personam jurisdiction, usually by accompanying a motion to dismiss with an affidavit or a statement from the attorney what proof would be shown at an evidentiary hearing, to be followed by a response from the party asserting jurisdiction also accompanied by affidavits. Powers, 2009 OK 91, ¶7.

¶10 When in personam jurisdiction is challenged, the jurisdiction over a non-resident defendant cannot be inferred, but instead must affirmatively appear from the trial court record, and the burden of proof in the trial court is upon the party asserting that jurisdiction exists. Powers, 2009 OK 91, ¶7; Gilbert v. Security Financial Corp., 2006 OK 58, ¶2, 152 P.3d 165; Conoco, Inc. v. Agrico Chemical Co., 2004 OK 83, ¶20, 115 P.3d 829. The determination of in personam jurisidiction is a legal ruling, subject to de novo review by this Court, and this Court will canvas the record for proof[3] that the nonresident party had sufficient contacts with the state to assure that traditional notions of fair play and substantial justice will not be offended if this state exercises in personam jurisdiction. Conoco, Inc., 2004 OK 83, ¶¶9 & 20.

¶11 In Personam Jurisdiction Requires Sufficient Minimum Contacts with the State of Oklahoma so that the Exercise of Jurisdiction Does not Offend Traditional Notions of Fair Play and Substantial Justice.

¶12 In personam jurisdiction is the power to deal with the person of the defendant and render a binding judgment against that defendant. Conoco, Inc. v. Agrico Chemical Co., 2004 OK 83, ¶16, 115 P.3d 829; Gilbert v. Security Finance Corp. of Oklahoma, Inc., 2006 OK 58, ¶16, 152 P.3d 165; Hobbs v. German-American, 1904 OK 60, ¶5, 78 P. 356. In personam jurisdiction may be acquired either by service of process or by voluntary appearance before the court. Conoco, Inc., 2004 OK 83, ¶16. Title 12 O.S. Supp. 2012 §2004(F), known as the long-arm statute, allows jurisdiction over non-residents in Oklahoma court's by providing for service of process outside of the state. Mastercraft Floor Covering, Inc. v. Charlotte Flooring, Inc., 2013 OK 87, ¶10, 313 P.3d 911; Conoco, Inc., 2004 OK 83, ¶16. Title 12 O.S. Supp. 2012 §2004(F) provides: "[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States."

¶13 This Court has previously stated that the intent of the long-arm statute is to extend the jurisdiction of Oklahoma courts over non-residents to the outer limits permitted by the Oklahoma Constitution and the due process clause of the United States Constitution. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶10; Conoco, Inc., 2004 OK 83, ¶17; Fields v. Volkswagon of America Inc., 1976 OK 106, ¶6, 555 P.2d 48. The outer limits of what constitutes due process in regard to in personam jurisdiction have been set and described in some detail by the Supreme Court of the United States. Conoco, Inc., 2004 OK 83, ¶17.

¶14 In the seminal case of International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement et al., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court of the United States created what is colloquially deemed the minimum contacts test when it determined:



due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

326 U.S. at 316, 66 S.Ct at 158 (quoting Millikin v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)).



Whether sufficient minimum contacts exist, and due process is satisfied, depends upon the "quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to ensure." International Shoe Co., 326 U.S. at 319. Requiring sufficient minimum contacts protects a person's liberty interest in not being subjected to a binding judgment in a forum where the person has no meaningful contacts, ties, or relations. Burger King Corporation v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528; Conoco, Inc., 2004 OK 83, ¶18.

¶15 Applying federal jurisprudence, this Court has held that when a non-resident deliberately engages in significant activities in a forum state or creates continuing obligations between the non-resident and the residents of the forum, the non-resident submits to the jurisdiction of the state. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶12; Hough v. Leonard, 1993 OK 112, ¶7, 867 P.2d 438. Jurisdiction under the long-arm statute is predicated on foreign state activity that results in forum state harm. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶12; Hough, 1993 OK 112, ¶7. A non-resident who has purposefully directed activities at forum residents must present a compelling case that jurisdiction would be unreasonable or that the exercise of in personam jurisdiction would offend the traditional notions of substantial justice and fair play. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶12; Hough, 1993 OK 112, ¶7.

¶16 When a non-resident corporation exercises the privilege of conducting activities in a state, it also enjoys the benefits and protections of the laws of that state and any obligations connected with that activity may be enforced in that state's courts. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶13; Conoco, Inc., 2004 OK 83, ¶19; International Shoe Co., 326 U.S. at 319. The focus is on whether there is some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶13; Conoco, Inc., 2004 OK 83, ¶19; Hanson v. Denckla¸ 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Due process requires that the non-resident defendant's conduct and connection with the forum state are such that the nonresident could have reasonably anticipated being haled into court in that state. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶13; Conoco, Inc., 2004 OK 83, ¶19; World-Wide Volkswagon Corporation v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). A single act can support jurisdiction so long as it creates a substantial connection with the forum state. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶13; Conoco, Inc., 2004 OK 83, ¶19; McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957).

¶17 Sufficient Minimum Contacts Exist between Defendants and the State of Oklahoma for the Exercise of In Personam Jurisdiction to be Proper.

¶18 The question of in personam jurisdiction arising from a transaction on eBay is one of first impression for this Court. Defendants focus on the eBay listing and assert that merely placing an item on sale through eBay in all fifty states is insufficient to establish minimum contacts with the state of the winning bidder:



[t]he question to be answered is, "Does placing an item for sale on eBay to all 50 states subject the seller to the laws of the state of the winning bidder at auction?"

Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, p. 4.



The Defendants cite several cases from other jurisdictions in support of this proposition.[4] In one of those cases, Boschetto v. Hansing, 539 F.3d 1011 (9th Cir. 2008), the Court of Appeals for the Ninth Circuit held that a single transaction for the sale of a vehicle over eBay did not satisfy the minimum contacts requirement, noting that "on the facts of this case--a one-time transaction--the use of eBay as the conduit for that transaction does not have any dispositive effect on jurisdiction." Boschetto, 539 F.3d at 1019.

¶19 However, this Court agrees with another determination made by the Court of Appeals for the Ninth Circuit in Boschetto, that "[a]t the bottom, the consummation of the sale via eBay here is a distraction from the core issue: This was a one-time contract for the sale of a good that involved the foreign state only because that is where the purchaser happened to reside, but otherwise created no 'substantial connection' or ongoing obligations there." 539 F.3d at 1019. The question presented here is not whether a single eBay transaction, in and of itself, provides the minimum contacts necessary for the exercise of in personam jurisdiction to be proper,[5] but rather whether the totality of contacts makes an exercise of jurisdiction proper. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶18.

¶20 Boschetto is distinguishable from the facts of this case, a distinction that the Court of Appeals for the Ninth Circuit was well aware of when it issued its ruling. The court stated:



[the plaintiff] does not allege that any of the Defendants are using eBay to conduct business generally. He does not allege that Defendants conduct regular sales in California (or anywhere else) via eBay..

This is a distinction with a difference, as the cases that have found that jurisdiction was proper based on eBay sales relied heavily on the fact that the defendant was using the platform as a broader vehicle for commercial activity. See, e.g., Crummey v. Morgan, 965 So.2d 497, 500 (Ct.App.La.2007) (evidence of two prior sales to Louisiana residents in prior year); Dedvukaj v. Maloney, 447 F.Supp.2d 813, 822-23 (E.D.Mich.2006) ("Although the Court's research has not disclosed any personal jurisdiction cases involving the use of eBay auctions as a commercial seller's primary marketing vehicle, it is clear from the record that Defendants' use of eBay is regular and systemic."); Malcolm v. Esposito, 2003 WL 23272406 at *4 (Va.Cir.Ct. Dec. 12, 2003) ("Defendants are commercial sellers of automobiles who, at the time the BMW was sold, were represented on eBay as 'power sellers' with 213 transactions.").



Boschetto, 539 F.3d at 1019.

Finally, the court concluded that:



Where eBay is used as a means for establishing regular business with a remote forum such that a finding of personal jurisdiction comports with "traditional notions of fair play and substantial justice," International Shoe Co., 326 U.S. at 316, 66 S.Ct. 154, then a defendant's use of eBay may be properly taken into account for purposes of establishing personal jurisdiction.



Boschetto, 539 F.3d at 1019.

From the record, what we have here is not a single, isolated transaction on eBay made by a random seller. Defendants are involved in the commercial enterprise of selling cars. Guffey alleges that Defendants use eBay as a central and regular aspect of their business, allowing them reach out to and sell to potential buyers in numerous states, including Oklahoma. Defendants do not dispute this fact, and instead assert that their use of eBay as the medium for the transactions prevents the establishment of minimum contacts with any state where a purchaser resides, simply because Defendants do not choose the buyer or the state where the buyer is located.

¶21 We do not find that argument persuasive. The question is whether sufficient minimum contacts are present such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co., 326 U.S. at 316, 66 S.Ct at 158. The Defendants' use of eBay to make multiple sales is systemic and appears to be a core part of their business. Guffey's affidavit alleges this is not the first sale they have made in Oklahoma by those means. In this cause, the auction itself was not the only contact between Defendants and Guffey, in Oklahoma, as part of the underlying transaction. Defendants argue that an exercise of jurisdiction would be unfair because they had no control over the winner of the auction, and yet they reached out to Guffey prior to the completion of bidding in an attempt to negotiate a sale outside of eBay's bidding process. Guffey interacted directly with Ostonakulov, and communications were also exchanged between the Defendants and her father's office. Further, the vehicle at issue was the subject of a thirty-day limited warranty that created a continuing obligation between Defendants and a resident of this state, after the vehicle was shipped to Guffey here in Oklahoma.[6]

¶22 Unlike the situation in Boschetto, this was not a single, isolated transaction that involved the unilateral activity of Guffey. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶16. This Court will not focus merely on the eBay listing or sale itself, but rather, the totality of contacts between the non-resident defendants and Oklahoma. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶18; Gregory v. Grove, 1976 OK 5, ¶6, 547 P.2d 381. ("Totality of contacts between the parties in Oklahoma are to be considered in determining the sufficiency to exercise jurisdiction under long-arm service.").

¶23 Cases in other jurisdictions cited by Defendants, in the same vein as Boschetto, are factually distinguishable for similar reasons. In Winfield Collection, Ltd. v. McCauley, 105 F. Supp.2d 746 (E.D. Mich. 2000), the court determined two sales to a Michigan resident through eBay were insufficient to establish Michigan jurisdiction over a nonresident defendant. The court also held, however, that:



Plaintiff identifies no continuing relationship between Defendant and anyone or anything in Michigan, save the craft pattern purchases made from Plaintiff itself. The only contact that McCauley is proven to have had with the State of Michigan is fortuitous and de minimus: the results of two auction sales underpinning the instant dispute, and over which Defendant had little, if any, control.



Winfield Collection, Ltd., 105 F. Supp.2d at 751.

Here, Guffey alleges both greater contact than the fortuitous winning of an isolated eBay auction, and further alleges multiple other Oklahoma sales and ongoing obligations in Oklahoma by the Defendants in the form of a warranty. Cf. Malone v. Berry, 881 N.E.2d 283, ¶14 (Ohio Ct. App. 2007) ("We further note there are no facts indicating that the activity at issue involved more than a single transaction."); Machulsky v. Hall, 210 F. Supp.2d 531 (D.N.J. 2002) (Plaintiff failed to show Defendants engaged in more than single internet transactions with forum state.) Metcalf v. Lawson, 148 N.H. 35, 40; 802 A.2d 1221, 1227 (N.H. 2002) ("what appears to be the isolated nature of this transaction and the absence of any evidence that the defendant was a commercial seller militate against a finding of jurisdiction.")

¶24 By way of contrast, in situations similar to this, where the defendants were commercial sellers engaged in systematic sales through eBay, at least one other federal court has found the exercise of jurisdiction to be appropriate. In Dedvukaj v. Maloney, 447 F.Supp.2d 813 (E.D. Mich. 2006), the court determined that an exercise of in personam jurisdiction over the defendant eBay sellers was proper, rejecting their argument that "so long as an auction is not expressly targeted at a particular forum state, jurisdiction will only be proper in the seller's home state." Dedvukaj, 447 F.Supp.2d at 820. Concerning the nature of eBay transactions, the court explained:



Internet forums such as eBay expand the seller's market literally to the world and sellers know that, and avail themselves of the benefits of this greatly expanded marketplace. It should, in the context of these commercial relationships, be no great surprise to sellers--and certainly no unfair burden to them--if, when a commercial transaction formed over and through the internet does not meet a buyer's expectations, they might be called upon to respond in a legal forum in the buyer's home state. Sellers cannot expect to avail themselves of the benefits of the internet-created world market that they purposefully exploit and profit from without accepting the concomitant legal responsibilities that such an expanded market may bring with it.

Dedvukaj, 447 F.Supp.2d at 820.[7]



CONCLUSION

¶25 The Supreme Court of the United States has warned against permitting the march of technological progress to destroy traditional notions of personal jurisdiction.[8] However, the Court has largely left it to lower federal and state courts to work out how to strike the proper balance in an increasingly connected age. The use of a third-party auction site such as eBay as a vehicle for sales cannot serve as a shield and absolute bar to the exercise of in personam jurisdiction by this state, merely because the seller does not choose the buyer or the buyer's state, when otherwise sufficient minimum contacts exist so that the exercise of jurisdiction is reasonable and does not offend traditional notions of fair play and substantial justice. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶12; Hough, 1993 OK 112, ¶7.

¶26 Defendants are involved in the commercial sale of vehicles to numerous states, and eBay is a primary means through which they conduct these sales. Defendants negotiated with Guffey directly over the vehicle eventually sold to her in Oklahoma, warrantied that vehicle while it was to be titled and driven in Oklahoma, and have allegedly engaged in more than one such transaction in this state. The totality of Defendants' contacts with Oklahoma constitute more than sufficient minimum contacts for the exercise of in personam jurisdiction to be reasonable and comport with traditional notions of fair play and substantial justice.


JUDGMENT OF THE TRIAL COURT IS REVERSED; CAUSE
REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION



ALL JUSTICES CONCUR



FOOTNOTES


[1] Title 12 O.S. 2011 §2012 provides in pertinent part:

B. HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

1. Lack of jurisdiction over the subject matter;

2. Lack of jurisdiction over the person;

3. Improper venue;

4. Insufficiency of process;

5. Insufficiency of service of process;

6. Failure to state a claim upon which relief can be granted;

7. Failure to join a party under Section 2019 of this title;

8. Another action pending between the same parties for the same claim;

9. Lack of capacity of a party to be sued; and

10. Lack of capacity of a party to sue.

A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered 6 of this subsection to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and all parties shall be given reasonable opportunity to present all material made pertinent to the motion by the rules for summary judgment. A motion to dismiss for failure to state a claim upon which relief can be granted shall separately state each omission or defect in the petition, and a motion that does not specify such defects or omissions shall be denied without a hearing and the defendant shall answer within twenty (20) days after notice of the court's action.



[2] It appears from the transcript of proceedings before the trial court on August 23, 2013, that the court granted Defendants' Motion to Dismiss in order to allow for speedy appellate review and guidance concerning this issue of first impression. The trial court stated:

We've got some specific things that happened here in this case that may make a difference as to the jurisdiction or not, but I think an appellate court needs to look at this and resolve this issue. Jurisdiction is very important and we certainly don't want to proceed with something if we don't have jurisdiction here in the State.

So I'm going to go ahead and sustain it as per journal entry. Let's get a ruling from the appellate court about this because I'm sure EBay transactions are going to come up more and more often around here.

Supplement to Record on Accelerated Appeal, Transcript of Proceedings had on August 23, 2013, Before the Honorable Bryan C. Dixon, p. 14.



[3] The record indicates that Defendants did not provide an affidavit with either of their Motions to Dismiss for Lack of Personal Jurisdiction (filed on May 10, 2013 and July 17, 2013). The only affidavit contained within the record is the one attached to Guffey's two Responses to Defendants' Motions to Dismiss. While the trial court held a hearing, it made no finding of facts. Journal Entry, Sep. 20, 2013, Record on Accelerated Appeal, 7. It would appear that Defendants are challenging the facial sufficiency of Guffey's petition. See, e.g., Powers, 2009 OK 91, ¶8 ("Husband's motion to dismiss was not accompanied by affidavit of Husband or counsel showing what proof would show at an evidentiary hearing to adjudicate contested facts. The motion was not accompanied by an evidentiary substitute. Husband's §2012(B)(2) motion to dismiss challenging in personam jurisdiction thus challenges the facial sufficiency of Wife's petition.").



[4] While pronouncements of federal law questions by inferior federal court are not binding on this Court, they are persuasive. Mehdipour v. State ex rel. Dept. of Corrections, 2004 OK 19, ¶18, 90 P.3d 546; Akin v. Missouri Pacific Railroad Co., 1998 OK 102, ¶ 30, 977 P.2d 1040; Dority v. Green Country Castings Corp.,1986 OK 67, ¶ 11, n. 24, 727 P.2d 1355).



[5] This court has emphasized, however, that a single transaction can be enough to make an exercise of in personam jurisdiction proper, so long as it creates a substantial connection with the forum state. Mastercraft Floor Covering, Inc., 2013 OK 87, ¶13; Conoco, Inc., 2004 OK 83, ¶19; McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957).



[6] The warranty document provided in the record does not contain any choice of law provisions or a venue selection clause that would indicate the exercise of in personam jurisdiction by a court of this state would be improper. Plaintiff's Response to Defendants' Motion to Dismiss, Exhibit 1.



[7] In Dedvukaj the court applied the "sliding scale" analysis of interactivity introduced in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D. Penn. 1997) as a tool to help determine the appropriateness of exercising in personam jurisdiction. This analysis requires an examination of the interactivity level of websites in order to gauge whether sufficient contacts are present. However, the test in Zippo was created to analyze jurisdictional requirements in causes where the defendants were operators of the website in question. This Court agrees with the Court of Appeals for the Ninth Circuit and other courts that have determined the sliding scale analysis developed in Zippo is inapplicable to a case involving sales over eBay. See, e.g., Boschetto, 539 F.3d at 1018. Defendants in this cause do not run eBay. The question here is not whether jurisdiction over eBay or its operators is proper, but whether jurisdiction over Defendents, who are using it as a vehicle for sales, is proper. We have not applied the Zippo "sliding scale" analysis in such a fashion before and decline to do so now, but agree with the Dedvukaj court that regular and systematic use of a site such as eBay is a valid factor for consideration. Boschetto, 539 F.3d at 1019; Dedvukaj, 447 F.Supp2d at 822-23.



[8] The Court stated in World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292-93, 100 S.Ct. 559, 565, 62 L.Ed.2d 490 (1980):

[t]he limits imposed on state jurisdiction by the Due Process Clause, in its role as a guarantor against inconvenient litigation, have been substantially relaxed over the years. As we noted in McGee v. International Life Ins. Co., supra, 355 U.S., at 222-223, 78 S.Ct., at 201, this trend is largely attributable to a fundamental transformation in the American economy:

"Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity."

The historical developments noted in McGee, of course, have only accelerated in the generation since that case was decided.

Nevertheless, we have never accepted the proposition that state lines are irrelevant for jurisdictional purposes, nor could we, and remain faithful to the principles of interstate federalism embodied in the Constitution.










 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 1986 OK 67, 727 P.2d 1355, 57 OBJ 2690, Dority v. Green Country Castings Corp.
Discussed 1993 OK 112, 867 P.2d 438, 64 OBJ 2836, Hough v. Leonard
Discussed at Length 1956 OK 74, 296 P.2d 780, SOUTHARD v. OIL EQUIPMENT CORPORATION
Discussed 2004 OK 19, 90 P.3d 546, MEHDIPOUR v. STATE ex rel. DEPT. OF CORRECTIONS
Discussed 2004 OK 83, 115 P.3d 829, CONOCO INC. v. AGRICO CHEMICAL COMPANY
Discussed at Length 2006 OK 58, 152 P.3d 165, GILBERT v. SECURITY FINANCE CORP OF OKLAHOMA, INC.
Discussed at Length 2008 OK 8, 177 P.3d 558, IN THE MATTER OF THE TURKEY CREEK CONSERVANCY DISTRICT
Discussed 2009 OK 91, 227 P.3d 1060, POWERS v. DISTRICT COURT OF TULSA COUNTY
Discussed at Length 1976 OK 5, 547 P.2d 381, GREGORY v. GROVE
Discussed 2013 OK 87, 313 P.3d 911, MASTERCRAFT FLOOR COVERING, INC. v. CHARLOTTE FLOORING, INC.
Discussed at Length 1976 OK 106, 555 P.2d 48, FIELDS v. VOLKSWAGEN OF AMERICA, INC.
Discussed 1998 OK 102, 977 P.2d 1040, 69 OBJ 3512, Akin v. Missouri Pacific Railroad Co.
Discussed 1904 OK 60, 78 P. 356, 14 Okla. 236, HOBBS v. GERMAN-AMERICAN
Discussed
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 2004, 12 O.S. 2004, Process
Discussed 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Discussed
Title 15. Contracts Cite
Name
Level 15 O.S. 751, Short Title
Discussed