2004 OK CIV APP 46

**Thomas L. KLASSEN, Plaintiff/Appellee,**

**v.**

**George L. LAZIK, d/b/a Lazik Enterprises, Defendant/Appellant.**

**No. 100,241.**

Court of Civil Appeals of Oklahoma, Division No. 2.

April 13, 2004.

Brian R. Danker, Danker & Harrell, P.C., Claremore, OK, for Plaintiff/Appellee.

Erinn Shaw Bisceglia, Claremore, OK, for Defendant/Appellant.

Opinion by TOM COLBERT, Chief Judge.

¶ 1 Defendant, George L. Lazik, d/b/a Lazik Enterprises, appeals from a small claims judgment in favor of Plaintiff, Thomas L. Klassen. The issue in this appeal is whether the trial court properly determined it had in personam jurisdiction over Defendant. Upon considering the record and applicable law, we conclude it did and affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Plaintiff is a resident of Oklahoma. Defendant is a resident of California. Plaintiff agreed to purchase Defendant's plane for $5,000 and the trade-in on his plane. The parties executed two separate contracts of sale.[1] The contract by which Defendant purchased Plaintiff's plane specified that Oklahoma law would apply, while the contract by which Plaintiff purchased Defendant's plane specified that California law would apply. According to Defendant, the contracts were drafted by Plaintiff's attorney, presumably in Oklahoma.

¶ 3 As part of the negotiations, Defendant traveled to Oklahoma to examine Plaintiff's plane. While in Oklahoma, he entered into a separate agreement to sell Plaintiff some specially-manufactured hoses, necessary for the new plane, for $5,500. The hoses were shipped from the manufacturer to Defendant in California, where he turned them over to a mechanic Plaintiff had hired.

¶ 4 The hoses did not fit. Plaintiff incurred additional costs to have them installed and to successfully return to Oklahoma with the plane. When Defendant refused to reimburse him for his additional costs, Plaintiff sued Defendant in Oklahoma. Defendant filed a motion to dismiss for lack of in per-

---

1. The contracts of sale were actually between Plaintiff's mother, Mary Klassen, and Defendant, because Plaintiff's plane was in Ms. Klassen's name. The distinction is not relevant to our analysis as the oral contract at issue here was between Plaintiff and Defendant.

sonam jurisdiction. Following a hearing, the trial court denied Defendant's motion to dismiss and granted judgment in Plaintiff's favor for $4,000, plus costs and an attorney's fee. Defendant appeals.

## STANDARD OF REVIEW

¶5 Defendant appeals only from the trial court's determination that it had in personam jurisdiction over him. He does not appeal from the determination of damages. The issue on appeal, therefore, is one of law, which we review *de novo*. *See Clayton v. Fleming Cos.*, 2000 OK 20, ¶11, 1 P.3d 981, 984.

## DISCUSSION

¶6 This appeal is brought from a small claims judgment. The small claims court is an informal court and the rules of evidence are greatly relaxed. *Black v. Littleton*, 1975 OK CIV APP 1, ¶5, 532 P.2d 486, 487. The trial judge has "direct affirmative authority to control all aspects of a hearing with the sole object of dispensing speedy justice between the parties," and has "enormous discretionary power." *Id.* at ¶¶5; 7, 532 P.2d at 487. Nevertheless, jurisdiction must exist before the court has authority to enter judgment.

¶7 Defendant placed little formal evidence in the record on appeal. Although he submitted a sworn narrative statement in lieu of a transcript, he failed to obtain the trial judge's signature on it and we may not consider it on appeal. *See* Okla. Sup.Ct. R. 1.30, 12 O.S.2001, ch. 15, app. We are left with the parties' unsworn letters to the judge with the attached documentation. As the following discussion explains, those letters allege facts that are sufficient to support the court's assertion of jurisdiction over Defendant. As the record contains no evidence to the contrary, we presume that the judge's decision was responsive to the proof presented at the hearing and that the jurisdictional facts alleged in the letters were supported by proper evidence at the hearing. *See Hamid v. Sew Original*, 1982 OK 46, ¶6, 645 P.2d 496, 497. We thus consider the record we have in light of the law of jurisdiction.

¶8 "A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." 12 O.S. Supp. 2003 § 2004(F); *see generally Deerinwater v. Circus Circus Enters.*, 2001 OK CIV APP 37, 21 P.3d 646. The intent of this long-arm statute "is to extend the jurisdiction of Oklahoma courts over non-residents to the outer limits permitted by the Oklahoma Constitution and by the due process clause of the United States Constitution." *Hough v. Leonard*, 1993 OK 112, ¶7, 867 P.2d 438, 442 (footnotes omitted). Those outer limits were defined by *Marathon Battery Co. v. Kilpatrick*, 1965 OK 212, 418 P.2d 900, which adopted the standard established by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *International Shoe* held that due process "requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). The defendant must have meaningful "contacts, ties or relations" to the forum state. *Id.* at 319, 66 S.Ct. at 160.

¶9 In personam jurisdiction may be either general or specific. A court may assert general jurisdiction over a non-resident defendant if he has maintained "continuous and systematic contacts" with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 & n. 9, 104 S.Ct. 1868, 1872–73 & n. 9, 80 L.Ed.2d 404 (1984). That level of contact is not present in this case.

¶10 If general jurisdiction is not present, however, specific jurisdiction may be. A finding of specific jurisdiction is a two-step process. First, a court must determine whether the non-resident defendant had the requisite minimum contacts with the forum such that he should have "reasonably anticipate[d] being haled into court there."

*World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). What constitutes minimum contacts varies with the "quality and nature of the defendant's activity." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Generally, however, this requirement is satisfied when the cause of action relates to or arises out of the defendant's forum-related activities. *Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 374 (5th Cir.1987).

¶ 11 Second, if minimum contacts have been established, a court must determine whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (quoting *Int'l Shoe,* 326 U.S. at 320, 66 S.Ct. at 160). The assertion of in personam jurisdiction comports with "fair play and substantial justice" if it is reasonable to require the defendant to defend suit in the forum. *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564. A court considers the following factors to determine the necessary reasonableness: the burden on the defendant; the forum state's interest in adjudicating the dispute; "the plaintiff's interest in obtaining convenient and effective relief ... the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies." *Id.* (footnotes omitted).

¶ 12 In this instance, the minimum contacts have been established and form the basis of Plaintiff's claim here. Defendant came to Oklahoma and, while here, negotiated and entered into the agreement that gave rise to this litigation. Although delivery of the hoses was completed in California, the oral contract was executed in Oklahoma. It is only reasonable to assume that any controversy arising out of that contract would be settled in Oklahoma. Even though Defendant's contacts to this state are minimal, they are direct and are the very contacts that give rise to Plaintiff's claim. *See Bearry,* 818 F.2d at 374.

¶ 13 While Defendant was burdened by having to return to Oklahoma to defend this matter, he chose to come here to conduct business. This state has a clear interest in helping its citizens obtain convenient and efficient resolution of controversies arising from contracts entered in this state. Even though Defendant lives in California, that state's interest in this controversy is no greater than Oklahoma's. The trial court's assertion of in personam jurisdiction is fair and offers the parties substantial justice. *See Int'l Shoe,* 326 U.S. at 320, 66 S.Ct. at 160.

¶ 14 AFFIRMED.

REIF, P.J., and RAPP, J., concur.