2012 OK CIV APP 16

**BEVERLY ENTERPRISES–TEXAS, INC., A California Corporation, Plaintiff/Appellant,**

v.

**DEVINE CONVALESCENT CARE CENTER, A Texas Corporation, and Samuel Todd Jewell, Individually, Defendants/Appellees.**

No. 107,597.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 26, 2012.

Joseph B. Miner, Oklahoma City, Oklahoma, for Appellant.

David J. Looby, Oklahoma City, Oklahoma, for Appellees.

LARRY JOPLIN, Judge.

¶ 1 Plaintiff/Appellant, Beverly Enterprises, seeks review of the trial court's order granting the motion to dismiss of Defendants/Appellees, Devine Convalescent Care (or Devine) and Samuel Jewell. The trial court determined the Murray County, Oklahoma court lacked personal jurisdiction over Appellees and venue was improper in Murray County. The court transferred the matter to Medina County, Texas.

¶ 2 Appellant argues that Murray County, Oklahoma is the proper forum, the parties having sufficient minimum contacts with the state and Murray County particularly for the court to have jurisdiction and venue. The trial court disagreed, dismissing the case.

¶ 3 In July 2005, Appellee, Devine Convalescent Care Center, entered into a five year lease agreement with Appellant, Beverly Enterprises, for occupancy of a residential nursing home facility located in Devine, Texas. The opening paragraph of the nursing center lease states that Devine Convalescent Care Center's principal place of business is in Sulphur, Oklahoma and Sam Jewell, the guarantor, owner and president, was listed as having the same Sulphur, Oklahoma address.

¶ 4 In their answer brief, Appellees denied Devine Convalescent Care Center ever had a principal place of business in Oklahoma, although Appellees admitted Jewell resided in Sulphur, Oklahoma, at the time the lease was entered into.

¶ 5 Jewell signed the lease agreement as operator and president of Devine Convalescent Care. Jewell also signed the standby lease guarantee as the guarantor.

¶ 6 In May 2009, Beverly Enterprises filed its petition in Murray County, Oklahoma, against Devine Convalescent Care and Jewell seeking $27,820.80 under the terms of the lease and the corresponding guarantee. Defendants/Appellees entered a special appearance asserting lack of personal jurisdiction and improper venue, and filed a motion to dismiss on that basis. The district court granted the motion and transferred the case. From this order Appellant brought this appeal.

¶ 7 The question of in personam jurisdiction is a question of law and is reviewed *de novo*. That is:

> *Conoco, Inc. v. Agrico Chemical Company*, 2004 OK 83, 115 P.3d 829. "We review questions of law by a de novo standard, independent of and without deference to the lower court's legal rulings." On de novo review of personal jurisdiction, this Court will "canvass the record" to assure that the minimum contacts required to satisfy due process are "affirmatively demonstrate[d]" and "that traditional notions of fair play and substantial justice would not be offended if this state exercised in personam jurisdiction."

*Willbros USA, Inc. v. Certain Underwriters at Lloyds of London*, 2009 OK CIV APP 90, ¶ 19, 220 P.3d 1166, 1172 (citations omitted); *Danne v. Texaco Exploration & Prod. Inc.*, 1994 OK CIV APP 138, 883 P.2d 210 (*de novo* standard of review applies to contested questions of law regardless of the kind of proceeding involved (citing *Regina College v. Russell*, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991))).

¶ 8 Appellant contends Defendants/Appellees have sufficient minimum contacts with the State of Oklahoma to establish jurisdiction and venue in this state. In support, Appellant notes that Jewell is a resident of the State of Oklahoma and particularly Sulphur in Murray County. In addition, the lease agreement itself states that both Jewell and Devine have an address listing in Sulphur, Oklahoma. Appellant also points out that Jewell owns property in Oklahoma, including other nursing homes.

¶ 9 Jewell and Devine Convalescent Care deny the Oklahoma court has jurisdiction. Appellees deny Devine Convalescent Care has a principal place of business in Sulphur, Oklahoma, despite what the text of the lease itself says. Appellees admitted in their special entry of appearance and motion to dismiss that Jewell was an Oklahoma resident residing in Sulphur, Oklahoma. Appellees deny the Oklahoma court can exercise any jurisdiction over Devine, because Devine is a non-resident with its principal place of business in Medina County, Texas. Appellees deny any events associated with this lease

are sufficiently tied to the State of Oklahoma to warrant the exercise of jurisdiction. Furthermore, Appellees assert that the "forum selection" clause contained within the guarantee agreement demands the exercise of jurisdiction by a Texas court and both Defendants/Appellees have properly submitted to jurisdiction and venue in Texas, not Oklahoma.

¶10 The Oklahoma long-arm statute provides, "[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." 12 O.S. 2001 § 2004(F). The long arm statute is intended to extend the jurisdiction of the Oklahoma Courts to the outer limits permitted by the state Constitution, the due process clause and the U.S. Constitution. *Conoco Inc. v. Agrico Chem. Co.,* 2004 OK 83, ¶17, 115 P.3d 829, 834. In personam jurisdiction is the power to deal with the person of the defendant and render a binding judgment against that defendant. *Id.*[1]

¶11 Determining whether specific in personam jurisdiction can be exercised over a party involves a two step process. The court must first determine if minimum contacts with the forum state exist. If minimum contacts exist, then the court must determine whether traditional notions of fair play and substantial justice are satisfied if jurisdiction is exercised. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Conoco Inc., v. Agrico Chem. Co.,* 2004 OK 83, ¶17, 115 P.3d at 834–35.

¶12 With respect to Devine Convalescent Care Center, Appellant argues minimum contacts are present and traditional notions of fair play and substantial justice are not of-fended by subjecting Devine to jurisdiction in Oklahoma. The district court disagreed. We agree with the district court that minimum contacts were lacking with respect to Devine.

¶13 Devine Convalescent Care never owned property in Oklahoma, it does not regularly transact business in Oklahoma, nor is there evidence Devine maintains records or accounts in the state. Additionally, it is clear from the record available that Devine's principal place of business is not in Oklahoma, it is in Texas and an untrue statement about the location of Devine's principal place of business, contained in the lease agreement, is not enough contact with the state to satisfy Oklahoma minimum contacts requirements for the exercise of Oklahoma's jurisdiction.

¶14 Next, it should be noted Jewell is not a nonresident. He admitted residency within the state and specifically in the county in which Appellant brought suit. He signed the lease which contained a specific reference to his Oklahoma residency. It is that lease which is at issue in these proceedings. And the record indicates he owns property in the state, as well as evidence he has submitted to the jurisdiction of this state before. Jewell's contacts with the state are sufficient for the exercise of jurisdiction over him and consistent with the parameters of 12 O.S. § 2004(F). The exercise of jurisdiction over Jewell does not offend the traditional notions of fair play and substantial justice. *Conoco Inc.,* 2004 OK 83, ¶18, 115 P.3d at 835; *Willbros,* 2009 OK CIV APP 90, ¶19, 220 P.3d at 1172. The trial court erred finding that personal jurisdiction over Jewell was lacking in Oklahoma and venue as applied to Jewell was improper.

¶15 Jewell argues the forum selection clause is mandatory, requiring any litigation against him take place in Texas.[2]

---

1. In personam jurisdiction can be general or specific. *Klassen v. Lazik,* 2004 OK CIV APP 46, ¶9, 91 P.3d 90, 92. General jurisdiction arises where a party has systematic and continuous contact with the forum. *Id.* A minimum contacts analysis is engaged in when examining whether specific jurisdiction can be exercised. *Id.* (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

2. The clause reads:

This Guaranty shall constitute a Texas contract, and be governed by the laws of the State of Texas. The undersigned hereby voluntarily

It may be noted that there is no forum selection in the lease contract itself; the clause in question is in the guarantee agreement executed by Jewell. It should also be noted, the presence of a forum selection clause does not defeat the jurisdiction of a court, if the exercise of jurisdiction is proper. *Eads v. Woodmen of the World Life Ins.*, 1989 OK CIV APP 19, ¶ 9, 785 P.2d 328, 330. "The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction[.]" *See* Restatement (Second) of Conflict of Laws § 80 (1971). The parties may ask that a certain forum selection be honored and a court with the authority to exercise jurisdiction may decline to exercise its jurisdiction in honoring the parties' previous forum agreement, but a court does not lack jurisdiction because of the presence of a forum selection clause. *Eads*, 1989 OK CIV APP 19, ¶ 9, 785 P.2d at 330.

¶ 16 Forum selection clauses have gained favor in more recent years. *Eads*, 1989 OK CIV APP 19, ¶ 12, 785 P.2d at 330–31. In a majority of courts, forum selection clauses enjoy a prima facie validity unless shown to be unreasonable under the circumstances of the particular case. *Id.; Furry v. First Nat'l Monetary Corp.*, 602 F.Supp. 6, 8 (W.D.Okla.1984). We must consider whether the clause in the guarantee agreement does what Appellees claim.

¶ 17 This clause purports to establish that the guarantee (1) is a Texas contract, (2) governed by Texas law, (3) names Jewell's service agent in Texas and (4) submits to jurisdiction in Texas. Language that declares any dispute arising from this agreement will be brought *only* in the Texas

courts is lacking. In contrast, another Texas forum selection clause considered by the Oklahoma appellate courts reads as follows:

I understand and agree that this Agreement is not valid or binding unless signed by an authorized representative of CFO at its headquarters in Irving, Texas; and this Agreement is a Texas contract governed by the laws of Texas; *and any dispute arising from this agreement shall be brought only in the courts of the State of Texas.*

*Nat'l Diversified Bus. Serv. Inc. v. Corporate Fin. Opportunities, Inc.*, 1997 OK 36, ¶ 3 n. 2, 946 P.2d 662, 664 n. 2 (emphasis added).

¶ 18 A number of court decisions have considered various forum selection clauses to determine if the clause is permissive or mandatory. *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318 (10th Cir.1997); *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft (BMW)*, 314 F.3d 494 (10th Cir.2002); *American Soda, L.L.P. v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921 (10th Cir.2005).[3] A permissive clause may authorize jurisdiction in a designated forum, but does not "prohibit litigation elsewhere." *Excell*, 106 F.3d at 321. In contrast, a mandatory forum selection clause contains clear language demonstrating litigation is appropriate in only a designated forum. *Id.; see also American Soda*, 428 F.3d at 927.[4] The parties must unequivocally and exclusively designate a forum for the forum selection clause to be mandatory, and anything short of this produces a permissive clause. *American Soda*, 428 F.3d at 924; *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 581

submits to jurisdiction of any court in the State of Texas having jurisdiction over the subject matter of this instrument, and, if not available by personal service, Hereby (sic) constitutes the Secretary of State of the State of Texas as its agent for service of process in connection with any suit or proceeding arising hereunder.

**3.** Examples of mandatory forum selection clauses include:

"Both Contractor and Company hereby submit to the jurisdiction of the Courts of the State of Colorado and agree that the Courts of the State of Colorado/Arbitrator shall be the exclusive forum for the resolution of any disputes related to or arising out of this Term Agreement." *See American Soda*, 428 F.3d at 924.

"Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." *Docksider Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 763 (cited in *K & V Scientific*, 314 F.3d at 500).

**4.** "We held that when venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory. Where only jurisdiction is specified, we will nonetheless enforce a forum selection clause if there is some additional language indicating the parties' intent to make venue exclusive."

(10th Cir.1997) (other clauses found to be permissive similarly failed to present language indicating an unequivocal intent to make the venue exclusive).[5]

¶ 19 Jewell's cryptic statement providing for an agent for service of process and submitting to jurisdiction in Texas is not clear enough to provide the unequivocal and exclusive designation of forum that is demanded for composition of a mandatory forum selection clause. For one thing, it does not actually mention exclusive exercise of jurisdiction or venue of any court in conjunction with the statement about the agent for service of process. The sentence in the clause that does make particular reference to "jurisdiction" fails to confine the reference to any single place where suit may be brought. Permitting service of process or submitting to jurisdiction of the Texas courts is not the same as exclusive submission to the jurisdiction of the Texas courts. This is nothing more than a purported choice of law provision, choosing application of Texas law and admitting Texas jurisdiction, but in no way disavowing the exercise of jurisdiction of any other courts. The permissive selection clause does not prevent the exercise of an Oklahoma court's jurisdiction over Jewell as he claims.

¶ 20 It should be noted this decision expresses no opinion whatsoever with regard to the propriety of filing a forum non conveniens motion or what decision should be rendered if such a motion were to be filed. Forum non conveniens is not a matter currently before this court and the record does not indicate a forum non conveniens motion has been filed by any party in this matter.

¶ 21 The trial court's September 24, 2009 order dismissing this cause for lack of personal jurisdiction and improper venue is AFFIRMED IN PART, with respect to the court's finding that minimum contacts were lacking on the part of Devine Convalescent Care Center, REVERSED IN PART, with respect to the court's finding that Oklahoma jurisdiction could not be exercised over Jewell individually, and REMANDED for further proceedings.

¶ 22 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

MITCHELL, P.J., and BUETTNER, J., concur.

---

**5.** *See K & V Scientific Co., Inc.,* 314 F.3d at 499 for a discussion and comparison of permissive and mandatory forum selection clauses, the following were found to be permissive:

"Any dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts, specifically of the Thessaloniki Courts." *John Boutari & Son Wines & Spirits, S.A. v. Attiki Imp. and Distrib. Inc.,* 22 F.3d 51, 52 (2d Cir.1994).

"The laws and courts of Zurich are applicable." *Caldas & Sons, Inc. v. Willingham,* 17 F.3d 123, 127 (5th Cir.1994).

"The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 76 (9th Cir.1987).

"Place of jurisdiction is Sao Paulo/Brazil." *Citro Florida, Inc. v. Citrovale, S.A.,* 760 F.2d 1231 (11th Cir.1985) (concluding phrase was ambiguous and, when construed against drafter, was permissive).

"This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York." *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955, 956 (5th Cir.1974) (concluding phrase was ambiguous and, when construed against drafter, was permissive).

"This agreement shall be governed by and construed in accordance with the laws of the Federal Republic of Germany.... Place of jurisdiction shall be Dresden." *Hull 753 Corp. v. Elbe Flugzeugwerke GmbH,* 58 F.Supp.2d 925, 926 (N.D.Ill.1999).