OSCN Found Document:BURGGRAF SERVICES, INC. v. H2O SOLUTIONS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 BURGGRAF SERVICES, INC. v. H2O SOLUTIONS
2014 OK CIV APP 88
Case Number: 112612
Decided: 09/26/2014
Mandate Issued: 10/27/2014
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2014 OK CIV APP 88, __ P.3d __

 

BURGGRAF SERVICES, INC., an Oklahoma Corporation, Plaintiff/Appellant,
v.
H2O SOLUTIONS, a RestorNation Company, a Texas Corporation d/b/a H2O SOLUTIONS; H2O SOLUTIONS, Ltd., a Texas Limited Partnership, also d/b/a H2O SOLUTIONS; and MATTHEW GENE BURK, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DANA KUEHN, TRIAL JUDGE

AFFIRMED

Oliver Smith, TAYLOR, RYAN, MINTON, VAN DALSEM & WILLIAMS, P.C., Tulsa, Oklahoma, for Plaintiff/Appellant,
Marvin Laws, Sarah M. Brockhaus, HAYES, MAGRINI & GATEWOOD, Oklahoma City, Oklahoma, for Defendants/Appellees.

BRIAN JACK GOREE, Judge:

¶1 This is an appeal from the trial court's order dismissing an action for lack of personal jurisdiction. We affirm because the contract at issue was with a Texas resident, it was entered into in Texas, it was performed in Texas, and there were insufficient contacts with Oklahoma to create in personam jurisdiction. Although the contract contained a forum selection clause specifying Tulsa County, Oklahoma, we conclude the provision was unreasonable under the circumstances of the present case.

I.

Background

¶2 Burggraf Services, Inc. is a disaster restoration company. It provides restoration services to customers who have sustained damage to their property. After Hurricane Ike made landfall in 2008, Burggraf traveled to Texas and performed water remediation services for one of its customers. After completing the planned work, Burggraf contacted Matthew Burk about the possibility of working on a project in Houston. The nature and scope of services were discussed by the parties and Burggraf began setting up its drying equipment on September 20, 2008. On September 21, 2008, Burk read and signed Burggraf's proposed document entitled "Work Authorization." The written agreement included a clause designating Tulsa County District Court as the applicable jurisdiction.

II.

Procedural History

¶3 Burggraf commenced this action in Tulsa County when it was not paid for its work. Initially, Burggraf sued H2O Solutions, a RestorNation Company ("RestorNation") for breach of contract and quantum meruit. RestorNation filed a motion to dismiss challenging personal jurisdiction. RestorNation also alleged it was not the proper party, and it proposed the proper defendant was H2O Solutions, LTD ("H2O"). Burggraf amended its petition, adding H2O and Matthew Burk.

¶4 The trial court granted RestorNation's motion to dismiss by a minute order filed January 17, 2013. The court granted Matthew Burk's motion to dismiss by an order filed February 7, 2013. The court granted H2O's motion to dismiss by an order filed September 16, 2013. A final order was entered on February 14, 2014 and Burggraf timely appealed the dismissals of RestorNation, H2O, and Burk (collectively referred to as "Defendants").

III.

Standard of Review

¶5 A defendant challenging in personam jurisdiction has the initial procedural burden to raise facts supporting its objection, usually by a motion to dismiss, with an affidavit or a statement of counsel of what the proof would show at an evidentiary hearing. Guffey v. Ostonakulov, 2014 OK 6, ¶9, 321 P.3d 971. Jurisdiction over a non-resident defendant cannot be inferred, but must affirmatively appear from the record, and the burden of proof in the trial court is upon the party asserting that jurisdiction exists. Guffey, 2014 OK 6, ¶10. The determination of in personam jurisdiction is a legal ruling which appellate courts review de novo. Id. The reviewing court must canvas the record for proof that the nonresident party had sufficient contacts with the state to assure that traditional notions of fair play and substantial justice will not be offended if Oklahoma exercises personal jurisdiction. Id.

IV.

Analysis

¶6 Personal jurisdiction is the power to deal with the person of the defendant and to render a binding judgment against the defendant. Conoco, Inc. v. Agrico Chemical Co., 2004 OK 83, ¶16, 115 P.3d 829. Jurisdiction of the person is acquired by service of process or by voluntary appearance before the court. Id. Title 12 O.S. 2011 §2004(F) authorizes Oklahoma courts to exercise jurisdiction to the outer limits permitted by the Oklahoma Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Conoco, ¶17. Due process requires that the nonresident defendant's conduct and connection with the forum state are such that the nonresident could have reasonably anticipated being haled into court in that state. Conoco, ¶19, citing World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 297, 78 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

¶7 All elements of an enforceable contract occurred in Texas. Burggraf solicited Defendants in Houston, and the offer was accepted and fully performed there five days later. After the project was completed and Burggraf returned to Oklahoma, Defendants communicated with Burggraf to obtain documentation supporting the bill. Burggraf submitted to the court emails transmitted on five different dates in November and December of 2008 wherein Defendants requested time records, moisture documentation, and equipment lists. We disagree with Burggraf that Defendants' post-contract communications constitute sufficient minimum contacts for the Oklahoma Court to exercise in personam jurisdiction. Neither do we agree that Defendants could reasonably anticipate being haled into court in Oklahoma on the basis that they knew Burggraf was headquartered in Oklahoma.

¶8 The factors under consideration in this case are distinctly tied to Texas because of the hurricane. Burggraf has intentionally structured its business so that it may quickly mobilize to out-of-state locations whenever its services may be utilized in disaster relief. In this case, Burggraf loaded a substantial amount of equipment onto a semi-tractor trailer and traveled into Texas with a readily available work crew of more than a dozen employees. Burggraf offered critical services to Texas residents at the precise time and location needed. We conclude the agreement had no substantial connection with the State of Oklahoma.

¶9 Burggraf contends Oklahoma has personal jurisdiction because Defendants agreed to a forum selection clause specifying that the applicable jurisdiction is Tulsa County, Oklahoma. Even a single act can support jurisdiction so long as it creates a substantial connection with the forum state. Conoco, 2004 OK 83, ¶19. Furthermore, personal jurisdiction may be waived and parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. Burger King Corporation v. Rudzewicz, 471 U.S. 462, 472, 105 Sup.Ct. 2174, 85 L.Ed.2d 528 (1985). The contract at issue provides:

This Agreement contains the entire agreement between Customer and Burggraf and supersedes all prior negotiations, representations and agreements. It shall be governed by, and construed under, the laws of the State of Oklahoma. Any proceedings under, or to enforce, this Agreement shall be conducted in the City of Tulsa, Tulsa County, Oklahoma. Jurisdiction shall lie exclusively in the District Court in and for Tulsa County, Oklahoma.

¶10 In a majority of courts, forum selection clauses enjoy prima facie validity unless they are shown to be unreasonable under the circumstances of the particular case. Beverly Enterprises-Texas, Inc. v. Devine Convalescent Care Center, 2012 OK CIV APP 16, ¶16, 273 P.3d 890. If the forum selection clause results from unfair use of unequal bargaining power, it may be unenforceable. Eads v. Woodman of the World Life Insurance Society, 1989 OK CIV APP 19, ¶13, 785 P.2d 328.

¶11 On September 20, 2008, in the aftermath of a hurricane, Defendants accepted Burggraf's offer to immediately begin water remediation. That day, 14 Burggraf employees set up drying equipment. It was not until the next day that Burggraf presented its standard contract that included the forum selection clause. Defendants were faced with accepting Burggraf's terms and conditions, which including the forum selection clause, at a time when emergency services were required, had already been agreed upon, and were being performed. Under these particular circumstances, we conclude the forum selection clause was unenforceable because there is no evidence it was negotiated, and Defendants had relatively little bargaining power. Requiring Defendants to defend this case in Oklahoma under this set of facts would offend traditional notions of fair play and substantial justice, a fundamental standard for evaluating in personam jurisdiction. International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement et al., 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The trial court's order dismissing H2O Solutions, a RestorNation Company; H2O Solutions, LTD; and Matthew Burk is AFFIRMED.

BELL, P.J., and MITCHELL, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1989 OK CIV APP 19, 785 P.2d 328, 61 OBJ 257, Eads v. Woodmen of the World Life Insurance Society
Discussed
 2012 OK CIV APP 16, 273 P.3d 890, BEVERLY ENTERPRISES-TEXAS, INC. v. DEVINE CONVALESCENT CARE CENTER
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2004 OK 83, 115 P.3d 829, CONOCO INC. v. AGRICO CHEMICAL COMPANY
Discussed at Length
 2014 OK 6, 321 P.3d 971, GUFFEY v. OSTONAKULOV
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2004, 12 O.S. 2004, Process
Cited