OSBORN v. STIGER



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:OSBORN v. STIGER

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 OSBORN v. STIGER
2021 OK CIV APP 42
Case Number: 118702
Decided: 09/07/2021
Mandate Issued: 11/03/2021
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2021 OK CIV APP 42, __ P.3d __

 

JEANA OSBORN, Plaintiff/Counterclaim Defendant/Appellee,
v.
DEBRA DIANE STIGER, Defendant/Counterclaim Plaintiff/Crossclaim Plaintiff/Appellant,
and
KEVIN OSBORN, Crossclaim Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE SUSAN C. STALLINGS, TRIAL JUDGE

REVERSED AND REMANDED WITH DIRECTIONS

Roger Gofton, WILSON, CAIN & ACQUAVIVA, Oklahoma City, Oklahoma, for Appellees

Tim Stiger, Chickasha, Oklahoma, for Appellant

DEBORAH B. BARNES, JUDGE:

¶1 This action arises from the parties' involvement in a stock purchase agreement. Following a nonjury trial, the district court's "Journal Entry" was filed in which it explained it had ordered Defendant Debra Diane Stiger, following the nonjury trial, to convert her counterclaim against Plaintiff Jeana Osborn and her crossclaim against Kevin Osborn "to Third-party Practice." The district court stated that Ms. Stiger "has failed to timely file a Third-Party Petition with Summons against" either Ms. Osborn or Mr. Osborn; therefore, the district court dismissed Ms. Stiger's counterclaim and crossclaim with prejudice. Based on our review, we reverse and remand with directions.

BACKGROUND

¶2 In October 2016, Ms. Osborn initiated this action by filing a petition naming Ms. Stiger as Defendant. Ms. Osborn alleged that, in 2014, Ms. Stiger executed and delivered to Ms. Osborn "a Promissory Note agreeing to pay the principal amount of $30,000.00 on or before January 1, 2015," and that Ms. Stiger "further agreed to pay interest, penalties, attorney fees, costs, and other expenses incurred in the collection of the Note." Ms. Osborn alleged Ms. Stiger failed to make any payments under the terms of the Note and was in default.

¶3 In November 2016, Ms. Stiger filed an "Answer of Defendant, Counterclaim, and Cross-Claim." Ms. Stiger admitted that in 2014 she executed and delivered to Ms. Osborn the Note agreeing to pay the principal amount of $30,000.00 on or before January 1, 2015, but she alleged, among other things, that the Note "was secured by fraud and misrepresentation of [Ms. Osborn]." Ms. Stiger alleged "[t]he [Note] was part of a much larger contractual agreement, dated [September 30, 2014] between Kevin Osborn and [Ms. Stiger], to sell the stock of a corporation owned by [Ms. Osborn's] husband, Kevin Osborn," and "[Ms. Osborn] made material representations about the value of the stock, and the value of underlying assets, being sold to [Ms. Stiger]," misrepresentations which Ms. Stiger asserted she relied upon to her detriment.

¶4 Ms. Stiger thus asserted as a counterclaim against Ms. Osborn that "her execution of the [Note] was induced by the fraud and misrepresentation of [Ms. Osborn]," and further asserted "breach of contract and failure of consideration," stating that "[Ms. Osborn] provided no consideration to [Ms. Stiger] in return for the execution of [the Note]." Ms. Stiger sought judgment against Ms. Osborn in the amount of $220,837.70.

¶5 In addition, although Ms. Osborn's husband, Mr. Osborn, was not named as a party in the petition, Ms. Stiger asserted a "Cross-Claim against the Cross-Claim Defendant, [Mr. Osborn]," similarly alleging "her execution of the [Note] was induced by fraud and misrepresentation of [Mr. Osborn]," and also asserting "breach of contract and failure of consideration" against Mr. Osborn. Ms. Stiger also sought judgment against Mr. Osborn in the amount of $220,837.70.

¶6 In December 2016, Ms. Osborn filed an "Answer of Counterclaim Defendant," denying Ms. Stiger's allegations in her counterclaim and asserting various affirmative defenses. Also in December 2016, Mr. Osborn filed an "Answer of Cross-Claim Defendant," denying the allegations in Ms. Stiger's crossclaim, and also setting forth various defenses.

¶7 In November 2018, Ms. Stiger filed an offer of judgment "offer[ing] to confess judgment to [Ms. Osborn] . . . in the amount of $30,000.00, without admitting any liability," and specifying that the offer of judgment "covers only" Ms. Osborn's claims against Ms. Stiger "arising from default of [the Note]," "does not include [Ms. Stiger's] counterclaim against [Ms. Osborn]," and "does not include [Ms. Stiger's] cross claim against [Mr. Osborn]." Ms. Osborn accepted the offer of judgment.

¶8 The case proceeded to a nonjury trial on Ms. Stiger's counterclaim and crossclaim. As explained in the pretrial conference order filed in February 2019, Ms. Stiger's theories revolve around her assertion that Ms. Osborn and Mr. Osborn provided her with "misleading financial reports." In particular, she alleges they "intentionally overstated accounts receivable by $60,612.31 and understated accounts payable by $125,073.37 with intent to fraudulently misrepresent the financial condition of Mechanical Concepts, Inc. as part of the stock purchase agreement."

¶9 The nonjury trial was held on October 10, 2019, at which counsel for the Osborns announced his appearance on their behalf. Several witnesses testified at trial,[1] and the trial court then took the matter under advisement. However, on October 16, 2019, the court summoned the parties back for a hearing. The court announced at the October 16 hearing that, "after reviewing the pleadings, I have decided that the cross-claim against Mr. Osborn was inappropriate and this is more appropriate to third-party practice under 12 O.S. [§] 2014." The court acknowledged that under § 2014, "in order to do third-party practice, [Ms. Stiger] . . . would have to file a petition and summons," and "the problem is I've already heard all the evidence." The court concluded it would give counsel for the Osborns "two choices": either (1) "waive the petition and summons, and I will just make my ruling on the evidence that I heard," or, (2) decline to waive the petition and summons and, as a consequence, require Ms. Stiger to file a third-party petition under the requirements of § 2014. Counsel for the Osborns declined to waive the petition and summons, stating: "I don't think we can waive that." Accordingly, the court ordered Ms. Stiger to refile her claims, within twenty days, in a "third-party practice petition."

¶10 Instead of filing such a petition, Ms. Stiger filed a motion, on October 16, 2019, requesting that the trial court reconsider its decision. In the alternative, Ms. Stiger requested that the court issue an order certifying an immediate appeal. Ms. Stiger asserted in her motion that the trial court's decision to require the counterclaim and crossclaim to be refiled in a third-party petition was "without request of either party" and, "[e]ffectively, the Court ruled that even after the trial was held, the case would have to start over." Ms. Stiger further stated that the counterclaim filed against Ms. Osborn was a compulsory counterclaim, and the crossclaim asserted against Mr. Osborn was a permissible crossclaim. Moreover, Ms. Stiger asserted that her claim against Mr. Osborn "is now outside the five year statute of limitation for claims on written contracts" and "[i]t would be a travesty of justice to require that [she] refile her claim against [Mr.] Osborn as a petition . . . and start litigation all over again," especially after "years of hearings and discovery" and a trial. Although the trial court appears to have communicated to the parties by email that it was denying this motion, nothing was immediately filed of record.

¶11 In the district court's "Journal Entry" filed in February 2020, the court explained that because Ms. Stiger "failed to timely file a Third-Party Petition with Summons against" either Ms. Osborn or Mr. Osborn, that it was dismissing Ms. Stiger's counterclaim and crossclaim with prejudice. Ms. Stiger appeals.[2]

STANDARD OF REVIEW

¶12 The issues on appeal are of law only. "We review rulings on issues of law by a de novo standard pursuant to the plenary power of the appellate courts and without deference to the trial court." Glasco v. State ex rel. Okla. Dep't of Corr., 2008 OK 65, ¶ 8, 188 P.3d 177 (citation omitted).

ANALYSIS

¶13 As described above, the district court, at the October 16, 2019 hearing, presented counsel for the Osborns with the option of requiring Ms. Stiger to refile her counterclaim and crossclaim in a third-party petition. However, the Osborns had already been presented with such an option approximately three years earlier when, in November 2016, Ms. Stiger filed her counterclaim and crossclaim. At that juncture, neither Ms. Osborn nor Mr. Osborn objected or otherwise took issue with the lack of a third-party petition. Instead, Ms. Osborn filed an "Answer of Counterclaim Defendant," and Mr. Osborn filed an "Answer of Cross-Claim Defendant." Indeed, all of the pleadings, except for the October 2016 petition, list the parties as follows: Ms. Osborn as Plaintiff and Counterclaim Defendant; Ms. Stiger as Defendant, Counterclaim Plaintiff and Crossclaim Plaintiff; and Mr. Osborn as Crossclaim Defendant.

¶14 The Oklahoma Supreme Court has long explained as follows:

The general philosophy of the Pleading Code is that pleadings should give fair notice of the claim and be subject to liberal amendment, should be liberally construed so as to do substantial justice, and that decisions should be made on the merits rather than on technical niceties. The Pleading Code rejects the approach that pleading is a game of skill in which one misstep is decisive to the outcome, but instead accepts the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Wilson v. Webb, 2009 OK 56, ¶ 9, 221 P.3d 730 (footnotes omitted).[3]

¶15 The district court's decision, made after the trial on the merits and three years after the pleading stage, is inconsistent with these principles. Nothing would be more antithetical to the philosophy expressed in Wilson than to allow a party to strategically "go along with" another parties' procedural misstep at the pleading stage only to raise the issue much later, after "years of hearings and discovery" and a trial, and thereby render all of the proceedings superfluous and eschew a decision on the merits.[4] Here, the Osborns did not even raise such an issue; rather, the court, on its own, in reviewing the pleadings after the trial had concluded, decided that the crossclaim and counterclaim were "inappropriate" and that it would be "more appropriate" for them to proceed as third-party practice under 12 O.S. § 2014. The court, in essence, focused its attention not on the substantive merits presented at trial but on a procedural issue that had long since been rendered immaterial.

¶16 Not only did the Osborns waive this issue at the pleading stage, but the pretrial conference order filed in February 2019 also lists, and refers to, the parties in the manner described above. In the Osborns' general statement of facts in the pretrial conference order, for example, they describe themselves as the "Plaintiff/Counterclaim Defendant" and "Crossclaim Defendant," respectively. Moreover, they describe Ms. Stiger as "Counterclaim Plaintiff and Crossclaim Plaintiff." Regardless of the pleadings, the pretrial conference order "shall control subsequent course of the action unless modified by a subsequent order"; "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice"; and "[t]he contents of the pretrial order shall supersede the pleadings and govern the trial of the case unless departure therefrom is permitted by the Court to prevent manifest injustice." Okla. Dist. Ct. R. 5(I), 12 O.S. Supp. 2013, ch. 2, app.

¶17 It is worth noting that a claim asserted as either a crossclaim or a third-party claim must arise out of the same "transaction or occurrence that is the subject matter either of the original action or of a claim therein or relating to any property that is the subject matter of the original action." 12 O.S. 2011 § 2013(G). Cf. 12 O.S. 2011 § 2014 ("[A] defending party, as a third-party plaintiff," may assert "a claim arising out of the transaction or occurrence that is the subject matter of a claim that is asserted against him."). Here, as the district court found at trial, "the promissory note was part and parcel of the same transaction or occurrence. It didn't just happen in a vacuum. It didn't happen in a void. It was part of the deal in which [Ms. Stiger] bought the company."

¶18 While it is true that, unlike for a crossclaim (which is asserted against one who is already a party), in third-party practice the third-party plaintiff must "cause a summons and petition to be served upon [the third-party defendant]," § 2014, nevertheless "personal jurisdiction may be waived," Burggraf Servs., Inc. v. H2O Sols., 2014 OK CIV APP 88, ¶ 9, 369 P.3d 52 (citation omitted). For example, "[p]articipation in a trial without preserving an objection to personal jurisdiction is usually construed as a general appearance and a waiver of any objection to personal jurisdiction." State ex rel. Okla. Bar Ass'n v. Mothershed, 2011 OK 84, ¶ 43, 264 P.3d 1197 (footnote omitted). To the extent a lack of summons and petition calls into question the court's personal jurisdiction over Mr. Osborn, Mr. Osborn clearly did not preserve such an objection. In fact, he waived an in personam jurisdiction defense,[5] and issues of potential relevance to personal jurisdiction were raised only by the trial court after trial.

¶19 Finally, with regard to the counterclaim filed against Ms. Osborn, the Osborns admit on appeal "that filing a counterclaim against [Ms. Osborn] was the proper procedure," an admission with which we agree. See 12 O.S. 2011 § 2013(A).

¶20 For all these reasons, we reverse the district court's February 2020 Journal Entry dismissing Ms. Stiger's counterclaim and crossclaim for failure to refile them in a third-party petition. We remand this case to the trial court with directions to make a ruling on the evidence presented at trial.

CONCLUSION

¶21 After trial, the court gave counsel for the Osborns the option of either "waiv[ing] the petition and summons, and I will just make my ruling on the evidence that I heard," or declining to waive the petition and summons and, as a consequence, requiring Ms. Stiger to file a third-party petition under the requirements of § 2014. However, the Osborns had, in effect, already been presented with such an option during the three years prior to trial, and they chose to waive such a requirement with regard to the crossclaim asserted by Ms. Stiger. With regard to the counterclaim, the proper procedure was followed by Ms. Stiger, as the Osborns acknowledge on appeal. Consequently, we reverse the district court's judgment and remand this case to the trial court with directions to make a ruling on the evidence presented at trial.

¶22 REVERSED AND REMANDED WITH DIRECTIONS.

WISEMAN, P.J., and BLACKWELL, J., concur.

FOOTNOTES

[1] Ms. Stiger and Ms. Osborn testified at trial, as did Ms. Stiger's husband, Daniel Stiger, who was an employee of Mechanical Concepts, Inc.

[2] During the pendency of this appeal, the trial court denied Ms. Stiger's October 16, 2019 motion in a written order. However, the present appeal was taken from the trial court's February 2020 Journal Entry and is not properly viewed as an appeal from a denial of the motion to reconsider.

[3] Over fifty years ago, the Oklahoma Supreme Court similarly stated that "[t]he rules of pleading have been in the past years relaxed so that many of the former pitfalls no longer exist. The trend throughout the nation is to liberalize all rules in regard to pleadings so that courts may focus their attention on the substantive merits of the dispute rather than upon procedural matters." Nw. Nat. Life Ins. Co. v. Highley, 1966 OK 147, ¶ 11, 416 P.2d 932.

[4] Of course, certain challenges -- such as to a court's subject matter jurisdiction -- can be made at any time. See Shaffer v. Jeffery, 1996 OK 47, ¶ 7, 915 P.2d 910 ("[S]ubject matter jurisdiction is not dependent upon the consent (or waiver) of a party, and a challenge to subject matter jurisdiction may be raised at any time in the course of the proceedings." (citations omitted)). A lack of subject matter jurisdiction is not at issue here, however. We do address the issue of personal jurisdiction, further below, but, as recently explained by a separate division of this Court, "[d]efenses of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, or lack of capacity of a party to be sued may be waived pursuant to 12 O.S. § 2012(A)." Rhodes v. Hernandez, 2021 OK CIV APP 14, ¶ 19, 488 P.3d 762. "Only the defenses of a lack of jurisdiction over the subject matter, another action pending between the same parties for the same claim, failure to join an indispensable party, and lack of capacity of a party to sue cannot be waived by a defendant." Id.

[5] For example,

[p]rior to expiration of the time to answer or otherwise plead, a party may request additional time pursuant to 12 O.S. . . . § 2006(B)(1) to file a special appearance and motion to dismiss for lack of in personam jurisdiction without waiving the defense of lack of in personam jurisdiction. A request for extension of time pursuant to § 2006(B)(2) may be granted to file a special appearance and motion to dismiss without waiving in personam jurisdiction if the failure to act timely was the result of excusable neglect.

Powers v. Dist. Ct. of Tulsa Cnty., 2009 OK 91, ¶ 4, 227 P.3d 1060 (footnote omitted). However, no such effort was made by Mr. Osborn. Although Ms. Osborn and Mr. Osborn raised various defenses in their pleadings, neither raised a lack of in personam jurisdiction as a defense. As noted above, defenses of, inter alia, lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process may be waived. Rhodes, 2021 OK CIV APP 14, ¶ 19.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2014 OK CIV APP 88, 369 P.3d 52, BURGGRAF SERVICES, INC. v. H2O SOLUTIONS
Discussed
 2021 OK CIV APP 14, 488 P.3d 762, RHODES v. HERNANDEZ
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1966 OK 147, 416 P.2d 932, NORTHWESTERN NATIONAL LIFE INS. CO. v. HIGHLEY
Discussed
 1996 OK 47, 915 P.2d 910, 67 OBJ 1193, Shaffer v. Jeffery
Discussed
 2008 OK 65, 188 P.3d 177, GLASCO v. STATE ex rel. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed
 2009 OK 56, 212 P.3d 731, WILSON v. WEBB
Cited
 2009 OK 91, 227 P.3d 1060, POWERS v. DISTRICT COURT OF TULSA COUNTY
Discussed
 2011 OK 84, 264 P.3d 1197, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MOTHERSHED
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2006, Time
Cited
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited
 12 O.S. 2013, Counterclaim and Cross-Claim
Discussed
 12 O.S. 2014, Third-Party Practice
Discussed


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA