IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| C. COOK, | ) | |
| | ) | No. 71011-7-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ADVANCED AUTO BROKERS, LLC, | ) | UNPUBLISHED OPINION |
| dba CARMAX BROKERS, | ) | |
| | ) | FILED: January 20, 2015 |
| Respondent. | ) | |

BECKER, J. — Whether personal jurisdiction lies over a nonresident

defendant depends on the nature and quality of the defendant's acts in or

directed toward Washington. In this case, the alleged act was the nonresident

seller's listing for sale a used vehicle on the popular Internet auction web site,

eBay. Because the Washington resident buyer fails to establish facts showing

that the defendant, a New York-based limited liability company, purposely availed

itself of the privilege of transacting business in the State of Washington, we affirm

the trial court's dismissal of the complaint for want of in personam jurisdiction.

FACTS

On or about March 12, 2012, C. Cook, a Washington resident, was the

winning bidder for a 2007 Jeep Grand Cherokee listed for general unrestricted

auction on the web site eBay.com. The seller was Advanced Auto Brokers Inc.,

a New York limited liability company based in Syracuse, New York. The eBay auction listing stated that the car was located in Philadelphia, Pennsylvania, and identified the seller as Carmax Brokers, Advanced Auto's eBay auction identifier for the web site. The listing also stated that the buyer would be responsible for arranging for delivery or pick up of the vehicle. Cook flew to Philadelphia, paid $10,900 for the vehicle, and drove it back to Washington.

Cook experienced problems with the vehicle while enroute to Washington. After arriving in Washington, Cook took the Jeep to a dealer and learned that the exhaust system needed to be replaced. According to Cook, the vehicle as-is does not meet licensing and registration standards in Washington.

In December 2012, Cook filed a complaint against Advanced Auto in King County Superior Court. He sought damages of $10,900—the amount of the purchase price. He also claimed that the seller "obscured" the vehicle's defects by resetting "error codes." In addition, Cook invoked "provisions in Washington State law applying to deceptive trade practices" and requested treble damages. Cook alleged no facts in his complaint relevant to the court's jurisdiction over the nonresident seller.

After Advanced Auto failed to appear in the action, Cook filed a motion for default. In its order on the motion, the court referred to other "filings" by an individual co-owner of Advanced Auto, but noted that Cook's motion for default was "the only motion that has been properly noted and is before the Court." However, in view of the fact that the seller's argument opposing personal

2

jurisdiction raised in these unspecified filings appeared to have merit, the court denied the motion for default.

Cook propounded requests for admission. After Advanced Auto failed to respond, Cook filed a "Motion to Deem Admitted" his requests for admission. In its order on the motion, the court again noted that Advanced Auto had not yet appeared through counsel and had not properly filed a motion to obtain a ruling on the jurisdictional issue. The court directed the defendant, if intending to assert a jurisdictional defense, to file an appropriate motion through counsel within 30 days. The court otherwise ordered Advanced Auto to respond to outstanding discovery within 45 days. The court stated that if the defendant failed to take one of these actions, Cook could renote his motion.

In the meantime, Cook noted Advanced Auto's deposition in Washington. After a representative failed to appear, Cook filed a second "Motion to Deem Admitted" and a motion seeking to strike Advanced Auto's defenses.

In denying these motions, the court noted that "on two prior occasions, this Court has hinted rather broadly that if the defendant properly brought a motion to dismiss for lack of personal jurisdiction, this would very likely be viewed favorably." The court further stated:

> It should be understood that the Court is reluctant to summarily resolve the ultimate issues in this case—issues that deserve to be addressed on their merits and likely in the home state of the defendant rather than that of the plaintiff. Nonetheless, since the defendant LLC was properly served with the Complaint and has neither answered nor properly noted a motion to dismiss on jurisdictional grounds, the Court may have to do just that and transform the dispute into an interstate action to collect on a judgment.

3

The court granted Advanced Auto an additional 30 days to answer the complaint and respond to discovery or file a motion to dismiss. The court stated that if this deadline passed without action by Advanced Auto, the court would enter an order granting Cook's motions.

A week later, counsel filed a notice of appearance on behalf of Advanced Auto and a motion to dismiss. The court considered Advanced Auto's motion and Cook's opposition and dismissed the suit for lack of jurisdiction. Cook appeals.

## STANDARD OF REVIEW

The plaintiff has the burden of establishing jurisdiction. SeaHAVN, Ltd. v. Glitnir Bank, 154 Wn. App. 550, 563, 226 P.3d 141 (2010). When a motion to dismiss for lack of personal jurisdiction is resolved without an evidentiary hearing, the plaintiff must only make a prima facie showing of jurisdiction. Precision Lab. Plastics, Inc. v. Micro Test, Inc., 96 Wn. App. 721, 725, 981 P.2d 454 (1999). Where, as here, the court considers matters outside the pleadings in ruling on a motion to dismiss for lack of jurisdiction, we treat the motion as a motion for summary judgment. Freestone Capital Partners, L.P. v. MKA Real Estate Opportunity Fund I, LLC, 155 Wn. App. 643, 653, 230 P.3d 625 (2010). We review the facts and reasonable inferences in the light most favorable to the nonmoving party. Freestone Capital Partners, 155 Wn. App. at 653-54.

## PERSONAL JURISDICTION

Washington courts may exercise personal jurisdiction over an out-of-state defendant if authorized by our long-arm statute, RCW 4.28.185(1), and

consistent with federal and state constitutional guarantees of due process. In re Marriage of Yocum, 73 Wn. App. 699, 702, 870 P.2d 1033 (1994). Our long-arm statute provides that an out-of-state defendant subjects himself to personal jurisdiction in Washington by transacting business within this state, among other conduct. RCW 4.28.185(1)(a). Our long-arm statute is designed to be coextensive with federal due process. Failla v. FixtureOne Corp., __ Wn.2d __, 336 P.3d 1112, 1116 (2014).

The principles that underlie federal due process as it relates to long-arm jurisdiction are well settled. In the seminal case of International Shoe Co. v. State of Washington, Office of Unemployment Compensation & Placement et al., 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945), the United States Supreme Court determined that due process requires that in order to subject a defendant to jurisdiction, he must have certain "minimum contacts" with the forum such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe, 326 U.S. at 316, quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940). Due process protects an individual's liberty interest in not being subject to the binding judgment of a forum with which he has established no meaningful "contacts, ties, or relations." Int'l Shoe, 326 U.S. at 319. Accordingly "as a general rule, the sovereign's exercise of power requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" J. McIntyre Machinery, Ltd. v. Nicastro, __ U.S. __, 131 S. Ct. 2780, 2787, 180 L. Ed. 2d 765 (2011), quoting Hanson v.

Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). By requiring that individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign, the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). "The plaintiff cannot be the only link between the defendant and the forum." Walden v. Fiore, __ U.S. __, 134 S. Ct. 1115, 1122, 188 L. Ed. 2d 12 (2014). Rather, "due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." Fiore, 134 S. Ct. at 1123, quoting Burger King, 471 U.S. at 475.

In accordance with these principles, for Washington courts to exercise personal jurisdiction over a nonresident defendant, our Supreme Court has set forth three requirements:

> (1) The nonresident defendant . . . must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

Tyee Constr. Co. v. Dulien Steel Prods., Inc., 62 Wn.2d 106, 115-16, 381 P.2d 245 (1963) (footnotes omitted). These factors embody the "minimum contacts" inquiry under International Shoe and encompass both the statutory and due process concerns of exercising personal jurisdiction. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 963, 331 P.3d 29 (2014).

Washington's purposeful availment standard "is not a mechanical" one, and "we consider the quality and nature of the defendant's activities." Wash. Equip. Mfg. Co. v. Concrete Placing Co., 85 Wn. App. 240, 246, 931 P.2d 170 (1997). A defendant may purposefully avail himself by initiating a transaction with the plaintiff in the forum state in contemplation that some phase of the transaction will take place in that jurisdiction. SeaHAVN, 154 Wn. App. at 565. Mere execution of a contract with a Washington resident will not suffice; the court must examine the circumstances of the entire transaction, including contemplated future consequences and the parties' actual course of dealing. SeaHAVN, 154 Wn. App. at 565-66. Physical presence in Washington is not required. See Precision, 96 Wn. App. at 727 n.5 ("locus of [electronic] negotiations culminating in a contract is not dispositive"). The "salient factor" may be whether the defendant negotiates an ongoing business relationship that has substantive effects and creates future obligations in Washington. Precision, 96 Wn. App. at 727 n.5.

In this case, we apply these standards to a method of transacting business not envisioned when the standards were adopted. EBay provides a

forum for consumers to buy and sell new or used goods in an auction style format over the Internet. "In 1995 eBay was one of the first to pioneer what has now become a ubiquitous form of e-commerce." Sayeedi v. Walser, 15 Misc. 3d 621, 622, 835 N.Y.S.2d 840 (N.Y. Civ. Ct. 2007). The typical eBay auction sale transpires as follows:

> "A seller advertises an item on the eBay interface, using a template. The seller establishes a minimum initial bid and a deadline for the item's auction to end. Buyers may then bid for the item through the eBay interface, which for each item posts the current bid and the time remaining. At the expiration of the auction period, the highest bidder wins the item. EBay puts the seller and winning buyer in contact by email to arrange payment and shipping."

Sayeedi, 15 Misc. 3d at 626, quoting Action Taper, Inc., v. Weaver, No. Civ. 3:05-CV-1693-H, 2005 WL 3199706, at *2 n.2 (N.D. Tex. Nov. 23, 2005).

This is not the first case to consider the question of jurisdiction arising from a sale involving an eBay Internet auction. In a representative case, Boschetto v. Hansing, 539 F.3d 1011 (9th Cir. 2008), cert. denied, 555 U.S. 1171 (2009), a Wisconsin seller advertised a vintage automobile on eBay. Upon delivery of the automobile, Boschetto—the winning bidder and a California resident—noticed the automobile was not in the "awesome" condition advertised and sued the seller in the Northern District of California. Boschetto, 539 F.3d at 1014. The district court dismissed for lack of personal jurisdiction and the Ninth Circuit affirmed.

In concluding that the Wisconsin seller had insufficient contacts with California, the court focused on the isolated nature of the transaction. Boschetto, 539 F.3d at 1019. The sale created no ongoing obligations for the seller in

8

California—in fact, it was the buyer who arranged to have the vehicle transported from Wisconsin to California. Moreover, the eBay advertisement was no more aimed at California than it was the seller's home state of Wisconsin. It was the plaintiff buyer who unilaterally created the link to California by placing the winning bid. The Ninth Circuit held that the single transaction for the sale of a vehicle over eBay did not satisfy the minimum contacts requirement, noting that "on the facts of this case—a one-time transaction—the use of eBay as the conduit for that transaction does not have any dispositive effect on jurisdiction." Boschetto, 539 F.3d at 1019. The court observed that "at bottom, the consummation of the sale via eBay here is a distraction from the core issue: This was a one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside, but otherwise created no 'substantial connection' or ongoing obligations there." Boschetto, 539 F.3d at 1019.

The majority of decisions involving an isolated eBay transaction are consistent with Boschetto. See, e.g., Sayeedi, 15 Misc. 3d at 628 ("No evidence was provided by plaintiff as to defendant's overall eBay statistics, experience, or of any marketing directed at potential customers, designed for instance, to welcome bids from New Yorkers or any other acts that indicate defendant may be purposely availing himself specifically to the business of New Yorkers or any desire to take advantage of New York law."); Karstetter v. Voss, 184 S.W.3d 396, 405 (Tex. Ct. App. 2006) ("no evidence that appellees traveled to Kansas or engaged in other transactions with appellant or other Kansas residents either through the eBay service or otherwise"). Some courts have focused on the fact

9

that the seller on an Internet auction web site has little or no control over who will ultimately be the highest bidder. For instance, in <u>Metcalf v. Lawson</u>, 148 N.H. 35, 802 A.2d 1221, 1227 (2002), the New Hampshire Supreme Court held that a New Jersey defendant who sold an excavator to a New Hampshire resident via eBay did not have sufficient contacts to warrant the exercise of jurisdiction in New Hampshire when there was no indication that the seller "intentionally directed her activities at New Hampshire or was aware she was contracting with a New Hampshire resident until after the transaction was completed." <u>See</u> <u>also</u> <u>Winfield Collection, Ltd. v. McCauley</u>, 105 F. Supp. 2d 746 (E.D. Mich. 2000) (two sales to Michigan residents through eBay, standing alone, were insufficient to establish jurisdiction in Michigan over the nonresident defendant, taking judicial notice that because the function of an auction is to permit the highest bidder to purchase the property offered for sale, the choice of the bidder is beyond the seller's control).

Cook contends that <u>Boschetto</u> actually supports jurisdiction over Advanced Auto. His argument is based on the following observations made by that court:

> [the plaintiff] does not allege that any of the Defendants are using eBay to conduct business generally. He does not allege that Defendants conduct regular sales in California (or anywhere else) via eBay. . . .
> This is a distinction with a difference, as the cases that have found that jurisdiction was proper based on eBay sales relied heavily on the fact that the defendant was using the platform as a broader vehicle for commercial activity. <u>See, e.g.</u>, <u>Crummey v. Morgan</u>, 965 So.2d 497, 500 (Ct.App.La. 2007) (evidence of two prior sales to Louisiana residents in prior year); <u>Dedvukaj v. Maloney</u>, 447 F.Supp.2d 813, 822-23 (E.D.Mich. 2006) ("Although the Court's research has not disclosed any personal jurisdiction

> cases involving the use of eBay auctions as a commercial seller's primary marketing vehicle, it is clear from the record that Defendants' use of eBay is regular and systemic."); Malcolm v. Esposito, 2003 WL 23272406 at *4 (Va.Cir.Ct. Dec. 12, 2003) ("Defendants are commercial sellers of automobiles who, at the time the BMW was sold, were represented on eBay as 'power sellers' with 213 transactions.").
>
> . . . Where eBay is used as a means for establishing regular business with a remote forum such that a finding of personal jurisdiction comports with "traditional notions of fair play and substantial justice," International Shoe Co., 326 U.S. at 316, 66 S. Ct. 154, then a defendant's use of eBay may be properly taken into account for purposes of establishing personal jurisdiction.

Boschetto, 539 F.3d at 1018-19.[1]

This reasoning is indeed in line with those cases that have found jurisdiction focusing on the sophistication and reach of the seller's business and importantly, multiple transactions involving the forum. For instance, the Supreme Court of Oklahoma recently determined that Oklahoma courts had jurisdiction over a nonresident commercial vehicle seller based on the totality of contacts between the seller and the state. Guffey v. Ostonakulov, 321 P.3d 971, 978 (2014). The defendant, an active "power seller" on eBay, averaged 12 to 35 car listings every day and had advertised almost 1,000 cars on the site. Guffey, 321 P.3d at 974. In addition, the seller had conducted multiple Oklahoma sales and had ongoing obligations in Oklahoma in the form of a warranty agreement. Guffey, 321 P.3d at 978; see also Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734, 740-41 (Ga. Ct. App. 2006) (plaintiff established sufficient minimum contacts

---

[1] Cook also relies on this court's decision in Brown v. Garrett, 175 Wn. App. 357, 306 P.3d 1014 (2013). That case involves the jurisdiction of a Texas court over a commercial seller of used cars in Washington. However, while that transaction began with an eBay listing, the parties ultimately negotiated directly for the purchase of the car and terminated the eBay auction.

11

with the State of Georgia to warrant exercise of personal jurisdiction when the defendant, who sold plaintiff a car through an eBay car auction, regularly solicited business in Georgia through the Internet and made substantial revenue from sales to Georgia residents).

Cook argues that Advanced Auto is likewise primarily, if not exclusively, an Internet seller, and Washington courts have jurisdiction because of its regular and systematic use of a nationwide Internet platform. Cook contends that Advanced Auto had 390 "feedbacks" from customers who purchased cars though eBay auctions. In making this assertion, Cook presumably relies on a printout of the eBay auction page he submitted in support of his motion for default. The number 390 appears on the document next to the name Carmax Brokers. Also on the document, the words "top-rated seller" and "100% positive feedback" appear under the box entitled "Seller Info." The document appears to suggest that the jeep sold to Cook was not the first eBay listing or sale by Advanced Auto and Cook's explanation of the document is certainly plausible. However, apart from speculation, nothing in the record establishes the meaning of the 390 figure. In briefing below and before this court, Cook alleges that the principal owner of Advanced Auto told him that the Internet is the seller's primary forum for sales. But no evidence in the record supports his allegations about what the owner told him or his interpretation of the eBay auction printout.

The evidence does not reveal the number of cars Advanced Auto has sold through eBay auctions or whether, apart from the sale at issue, it has sold any other cars to Washington residents. Given the distance between the seller's

place of business and Washington State, it seems unlikely that Washington buyers represent a substantial portion of its business. The declaration of the principal owner submitted in support of Advanced Auto's motion to dismiss states that the company "does business in New York and Pennsylvania" and "conducts no regular sales or business in the State of Washington via e-Bay, the Internet as a whole, or otherwise." Nothing in the record before us suggests that this is not the case.

Even if we could reasonably conclude from the record that Advanced Auto is a ubiquitous seller of vehicles on eBay, if no Washington residents, apart from Cook, purchased those vehicles, the evidence still would not establish a sufficient relationship with Washington State. And as our Supreme Court has recently reiterated, "the central concern of the federal constitutional inquiry is the relationship between the defendant, *the forum*, and the litigation." Failla, 336 P.3d at 1116 (emphasis added); see also J. McIntyre, 131 S. Ct. at 2792 (Breyer, J., concurring in the judgment) (requiring only knowledge or expectation that a producer's products might be sold in any state would jettison the accepted approach to the question of whether it is fair to subject a defendant to suit in a jurisdiction by considering the relationship between the defendant, the forum, and the litigation). It is well settled that jurisdiction does not "travel with the chattel" and that the defendant's contact with the forum must be more than the result of random or fortuitous events. World-Wide Volkswagen, 444 U.S. at 296; Burger King, 471 U.S. at 475.

As the <u>Boschetto</u> court aptly remarked, use of eBay clearly cannot dig a "virtual moat around the defendant, fending off jurisdiction in all cases." <u>Boschetto</u>, 539 F.3d at 1019. On the other hand, traditional notions of sovereignty underlying personal jurisdiction must not be abandoned merely because a case involves technological advances that make it easier to transact business across state lines. In <u>World-Wide Volkswagen</u>, 444 U.S. at 292-93, the court stated:

> the limits imposed on state jurisdiction by the Due Process Clause, in its role as a guarantor against inconvenient litigation, have been substantially relaxed over the years. As we noted in <u>McGee v. International Life Ins. Co.</u>, [355 U.S. 220,] 222-223, [78 S.Ct. 199, 201, 2 L. Ed. 2d 223 (1957)], this trend is largely attributable to a fundamental transformation in the American economy:
>> "Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity."
> The historical developments noted in <u>McGee</u>, of course, have only accelerated in the generation since that case was decided.
> Nevertheless, we have never accepted the proposition that state lines are irrelevant for jurisdictional purposes, nor could we, and remain faithful to the principles of interstate federalism embodied in the Constitution.

Here, the use of eBay as a medium does not alter the nature of the transaction at issue nor does it create sufficient minimum contacts with Washington to extend jurisdiction over the nonresident seller.

Cook also argues that he was entitled to a default judgment, that discovery sanctions were warranted and that, in essence, the seller received preferential treatment because the court advised Advanced Auto to move to

dismiss and granted extensions. But Cook fails to appreciate that absent jurisdiction, the court had no authority to enter a judgment against the seller or impose sanctions. See Metro. Fed. Sav. & Loan Ass'n of Seattle v. Greenacres Mem'l Ass'n, 7 Wn. App. 695, 699, 502 P.2d 476 (1972) (judgment entered by court without jurisdiction over the parties is void). The trial court did not err in granting the motion to dismiss.

Affirmed.

Becker, J.

WE CONCUR:

Leach, J.

Schindler, J.

15